981 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marco Anthony RZESLAWSKI, Defendant-Appellant.
 No. 91-50866.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 17, 1992.
 
 Before CANBY, BOOCHEVER and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marco Anthony Rzeslawski appeals his conviction for conspiracy to possess with intent to distribute over 390 kilograms of marijuana. Rzeslawski contends the district court erred by denying a hearing on his motion to suppress evidence obtained from a search warrant that was issued upon affidavits allegedly containing deliberate and material omissions of fact in violation of Franks v. Delaware, 438 U.S. 154 (1978). Rzeslawski also appeals his sentence of 135 months imprisonment, arguing that it was improperly calculated and that the district court inadequately explained its reasons for imposing the sentence.
 
 
 3
 We uphold as not clearly erroneous the district court's finding that Rzeslawski failed to make a showing of an intentional or reckless omission of fact from the law enforcement officer's affidavits. We also hold that the alleged omissions were not material to the magistrate's findings of probable cause. Finally, we hold that the district court did not err in calculating or explaining Rzeslawski's sentence. Accordingly, we affirm both the conviction and the sentence.
 
 
 4
 I. Timeliness of Appeal.
 
 
 5
 On September 3, 1991, Rzeslawski pled guilty to conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846. This plea was conditioned upon the defendant's being able to raise the suppression issue. On September 5, 1991, the district court entered its findings in support of its denial of Rzeslawski's motion to suppress. Rzeslawski was sentenced to 135 months imprisonment on November 25, 1991. He filed a notice appealing his sentence on December 4, 1991. Rzeslawski later filed an "amended notice of appeal" on December 11, 1991, adding the denial of his motion to suppress to the list of issues appealed.
 
 
 6
 Rzeslawski's initial notice of appeal was filed within the 10 day period prescribed by Fed.R.App.P. 4(b). The second notice of appeal, however, was filed outside of the 10-day period. The government asserts that because the second notice was untimely filed, we are precluded from addressing the suppression issue raised therein.
 
 
 7
 According to Fed.R.App.P. 3(c), a notice of appeal "shall designate the judgment order or part thereof appealed from." The issue, therefore, is whether the failure to designate an issue in a timely notice of appeal prevents an appellant from later raising the issue.
 
 
 8
 This circuit has held that a mistake in designating the judgment appealed from does not bar an appeal if the intent to appeal a specific judgment can be inferred and the appellee is not prejudiced or misled by the mistake. Where the appellee has argued the merits fully in its brief, it has not been prejudiced by the appellant's failure to designate specifically an order which is subject to appeal.
 
 
 9
 United States v. Yee Soon Shin, 953 F.2d 559, 560 (9th Cir.1992) (citations omitted) (appellant could appeal both sentence and conviction even though notice of appeal identified only the sentencing issue because government fully briefed merits of both issues); see also United States v. Walker, 601 F.2d 1051, 1058 (9th Cir.1979) ("[S]ince the appellees' brief argues fully the merits of the order of dismissal, appellees have not been prejudiced or misled by the Government's failure to specifically designate the order which is the subject of the appeal.").
 
 
 10
 In this case, the government has briefed the issues pertaining to the denial of Rzeslawski's motion to suppress. Therefore, we hold that the government inferred Rzeslawski's intent to appeal the issue and that the government was not prejudiced by Rzeslawski's failure to specify the issue in its first notice of appeal.
 
 
 11
 II. Motion to Suppress Evidence Obtained Pursuant to Search Warrant.
 
 
 12
 According to Franks v. Delaware, 438 U.S. 154 (1978):
 
 
 13
 [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.
 
 
 14
 Id. at 155-56. "Similarly, a defendant is entitled to a Franks hearing upon a 'substantial showing that the affiant intentionally or recklessly omitted facts required to prevent technically true statements in the affidavit from being misleading.' " United States v. Whitworth, 856 F.2d 1268, 1280 (9th Cir.1988) (quoting United States v. Stanert, 762 F.2d 775, 781 (9th Cir.), modified, 769 F.2d 1410 (1985)), cert. denied, 489 U.S. 1084 (1989). If at the hearing the defendant establishes by a preponderance of evidence the allegation of a reckless or knowing misstatement or omission and if the other information in the affidavit is insufficient to establish probable cause, "the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." Franks, 438 U.S. at 156.
 
 
 15
 The magistrate issued the search warrants in this case based upon the affidavits of Riverside County Sheriff's Detective Chris Davis. The affidavits stated that two separate meetings between the government's confidential informant, John Becerra, and Rzeslawski had taken place. Becerra had seen approximately two pounds of marijuana during the first meeting at 406 North Villa Roma, Anaheim, California, and in excess of 1,000 pounds of marijuana during the second meeting at 14047 Prichard Street, La Puente, California. Becerra had described the latter quantity of marijuana as being wrapped in aluminum foil and clear plastic in packages of approximately 15 to 20 pounds. The affidavits further stated that law enforcement officers conducted a surveillance of Becerra's attendance at the first meeting. Finally, they declared that "[t]he confidential informant is known to be reliable because he has provided information to U.S. Customs[,] the F.B.I. and the DEA resulting in eight federal cases, and the arrests, seizure of houses, automobiles, trucks, money, marijuana and cocaine."
 
 
 16
 Rzeslawski argues that the government intentionally or recklessly failed to inform the issuing magistrate that a district court previously had found Becerra to have a history of drug trafficking and cocaine use. United States v. Kunkel, CR 89-297-TUC-ACM (D.Ariz.) (October 3, 1990), rev'd on other grounds, 951 F.2d 1089 (9th Cir.1991) ("the Arizona cases"). Rzeslawski bases his contention upon the fact that Detective Davis derived his information regarding Becerra's credibility from U.S. Customs Agent James Garten and, indirectly, from Pima County Sheriff's Detective Gary Dhaemers and DEA Agent John Plover, all of whom were likely aware of the district court's determination in the Arizona cases. Rzeslawski also asserts that the government failed to inform the magistrate that Becerra had previously perjured himself when he denied under oath his drug involvement. Accordingly, Rzeslawski contends that he should have been permitted to challenge the facial validity of the warrant affidavits and to suppress the evidence obtained from the ensuing search warrants pursuant to Franks.
 
 
 17
 In denying Rzeslawski's motion to suppress, the district court concluded that the
 
 
 18
 [i]nvestigating agents were not reckless in inquiring into Becerra's role in the investigation of the Kunkel-Ruiz and Barerra-Herndon cases in the United States District Court, District of Arizona ("the Arizona cases"). Investigating agents were unaware of the particular facts of Becerra's conduct in the Arizona cases, and investigating agents did not intentionally omit information concerning the Arizona cases from the search warrant affidavits....
 
 
 19
 Findings re Defendants' Motion to Suppress, September 5, 1991. We must accept the district court's findings of fact underlying the decision to deny the motion to suppress unless they are clearly erroneous. United States v. Elliott, 893 F.2d 220, 222 (9th Cir.), modified, 904 F.2d 25, cert. denied, 111 S.Ct. 268 (1990). We will find clear error only when "we have a definite and firm conviction that a mistake has been committed." United States v. Ramos, 923 F.2d 1346, 1356 (9th Cir.1991).
 
 
 20
 The district court's finding that the investigating agents did not recklessly or intentionally omit information concerning the Arizona cases was not clearly erroneous. Both Detective Davis and U.S. Customs Agent Michael Arnold, who participated in the investigation of Rzeslawski, declared that they were not aware of the Arizona cases, Becerra's participation in those cases, or the district court's dismissal of those cases before seeking the search warrant. Moreover, Agent Garten, upon whom Detective Davis relied in preparing the affidavits, was aware only that the district court had overturned the convictions in the Arizona cases and that the cases were on appeal. Although it appears that Detective Dhaemers and Agent Plover may have known that the district court in the Arizona cases suspected Becerra to have had a history of involvement with drugs, and that Garten had relied on Dhaemers and Plover in assessing Becerra's reliability, we hold that these sources were too far removed from Detective Davis' preparation of the warrant affidavits under a recklessness standard to hold Davis accountable for their knowledge.
 
 
 21
 Finally, Rzeslawski presents no evidence to support his contention that Detective Davis intentionally or recklessly omitted from the warrant affidavit that Becerra had previously perjured himself under oath. Although Rzeslawski alleges that Becerra perjured himself by denying his drug use under cross-examination in a previous case, Rzeslawski has not presented evidence of such perjury in the record or of the investigating officers' knowledge of it. Accordingly, we affirm the district court's finding that Rzeslawski failed to show the level of intent or recklessness for material omissions required under Franks.
 
 
 22
 Alternatively, even if evidence of Becerra's former drug use and related perjury was intentionally or recklessly withheld, we uphold the district court's finding that such information was not sufficiently material to the magistrate's determination of probable cause. Whether the alleged misstatements or omissions are material to a finding of probable cause is reviewed de novo. Elliott, 893 F.2d at 222 (district court's finding of probable cause is reviewed de novo where issue is whether fraud was committed on the issuing magistrate).
 
 
 23
 In reviewing the materiality of alleged omissions, the issue is "whether 'the affidavit ... supplemented by the omissions would not be sufficient to support a finding of probable cause.' " Whitworth, 856 F.2d at 1280-81 (quoting Stanert, 762 F.2d at 782). A magistrate has probable cause to issue a search warrant based upon information provided by an informant if, "given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). Among the factors which can be considered in the totality of the circumstances are whether the information provided by the informant in the past was accurate, United States v. Angulo-Lopez, 791 F.2d 1394, 1397 (9th Cir.1986), whether the information provided in this case was independently corroborated, Id., and the level of detail presented in the affidavit, Elliott, 893 F.2d at 223.
 
 
 24
 In this case, the affidavit stated that Rzeslawski had provided accurate information in eight previous federal cases. Moreover, at least part of the story Becerra told in this case had been independently corroborated by a police surveillance team. The affidavit declares that police observed Becerra attend the meeting at the Villa Roma address during which Becerra allegedly saw approximately two pounds of marijuana. Finally, the information contained in the affidavit was detailed. The narrative describes a series of meetings and conversations between Rzeslawski and the drug dealers on March 16 and March 17, 1991. At one point, the affidavit states that Becerra "was shown an excess of one thousand pounds of marijuana. The [informant] said that the marijuana was packaged in individual pacages [sic] of approximately 15 to 20 pounds. Each package was wrapped with aluminum foil and clear plastic over the foil." [Id.] Considering the totality of the circumstances, including the informant's track record, the independent corroboration of the informant's story, and the detail of the informant's information, we hold that the magistrate had a substantial basis from which to find probable cause that marijuana existed at the addresses noted in the affidavits.
 
 
 25
 The question, therefore, becomes whether adding a statement regarding the district court's suspicion of Becerra's drug use in the Arizona cases and Becerra's alleged perjury related to the subject would negate a finding of probable cause. We conclude that such an addition would not have changed the magistrate's decision to issue the search warrants. The district court in the Arizona cases was concerned with Becerra's drug use because it suspected that he had provided cocaine to the defendants and encouraged them to use it during the course of the undercover operation. No similar issues are raised in this case. Thus, even if Detective Davis had referred to the Arizona cases in the warrant affidavits, the reliability and veracity of Becerra's information would not have been affected.
 
 
 26
 Finally, although evidence of Becerra's past perjury would have been relevant to an assessment of his credibility, we are limited in our analysis because Rzeslawski has not presented us with evidence of the alleged perjury. Nevertheless, lying about one's own history of drug use does not necessarily undermine the information provided about another's involvement with drugs. Given the historical accuracy and detail of Becerra's information and the corroborating evidence in this case, we hold that the omission of information bearing on the Becerra's credibility "was not material because the magistrate was provided sufficient circumstances to have a substantial basis for finding probable cause." United States v. Strifler, 851 F.2d 1197, 1201 (9th Cir.1988), cert. denied, 489 U.S. 1032 (1989).
 
 
 27
 III. Calculation and Explanation of Appellant's Sentence.
 
 
 28
 A. Base Offense Level.
 
 
 29
 A grand jury indicted Rzeslawski on three counts, one of which was conspiracy to possess with intent to distribute "in excess of 390 kilograms" of marijuana in violation of 21 U.S.C. § 846 ("count 1"). Rzeslawski pled guilty to the conspiracy charge, and the government dismissed the other two counts. At sentencing, the district court calculated Rzeslawski's base offense level as 28 based on approximately 476 kilograms of marijuana, the total amount actually seized in the case.
 
 
 30
 Under the sentencing guidelines, the base offense level for conspiracy to distribute 400 or more kilograms of marijuana is 28, whereas the base offense level for the same offense involving less than 400 kilograms is 26. U.S.S.G. § 2D1.1(c)(8), (9). Rzeslawski argues that the district court's base offense level calculation was improper because the language "in excess of 390 kilograms" used in count 1 of the indictment limited the court to a finding of less than 400 kilograms of marijuana. We disagree.
 
 
 31
 A district court's interpretation of the sentencing guidelines is reviewed de novo. United States v. Lawrence, 916 F.2d 553, 554 (9th Cir.1990). Section 1B1.3 provides that where the guidelines specify more than one base offense level, as does § 2D1.1, and where multiple counts in an indictment can be grouped under § 3D1.2(d), as can the counts in this case, the offense level is determined by considering "all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). For instance, in United States v. Fine, 975 F.2d 596 (9th Cir.1992) (en banc), the defendant pled guilty to two counts of mail fraud in a 14-count indictment, and the remaining counts were dismissed pursuant to a plea agreement. The court, relying on § 1B1.3, held that the district court could properly consider conduct in sentencing which was part of the entire scheme even though the defendant was not convicted of those crimes. Id. at 600 ("Under the sentencing guidelines, the proved criminal conduct of the offender, charged or not, generates a measured impact on the sentence."). We have also held that the amount of drugs calculated on the basis of conduct of which the defendant is "neither charged nor convicted" but which arises in the same course of conduct as the offense of conviction may properly be used to adjust the offense level. United States v. Restrepo, 903 F.2d 648, 653 (9th Cir.1990), amended, 946 F.2d 654 (1991) (en banc), cert. denied, 112 S.Ct. 1564 (1992). Thus, although the indictment did not specifically charge Rzeslawski with conspiracy to distribute 476 kilograms of marijuana, the district court under the sentencing guidelines properly considered the actual quantity of marijuana seized because it was part of the same course of conduct involved in the conspiracy.
 
 
 32
 Moreover, Rzeslawski's claim that the language of the indictment limited the court to a finding of less than 400 kilograms at sentencing lacks merit. Rzeslawski appears to assert that the indictment somehow failed to notify him of the offense to which he pled guilty. First, we note that the language "in excess of 390 kilograms" used in the indictment does not preclude a finding that Rzeslawski conspired to distribute more than 400 kilograms of marijuana. Furthermore, at Rzeslawski's change of plea hearing, the government clearly stated that it seized some 1060 pounds of marijuana, or approximately 476 kilograms; Rzeslawski agreed and adopted this figure by his own statement. At bottom, Rzeslawski had actual notice of the amount of marijuana seized before he pled guilty. Accordingly, the district court's decision to set Rzeslawski's base level offense at 28 is affirmed.
 
 
 33
 B. Adequacy of District Court's Findings.
 
 
 34
 Under 18 U.S.C. § 3553(c), the district court is required to "state in open court the reasons for its imposition of [a] particular sentence" and, if the sentencing range exceeds 24 months, the court also must give "the reason for imposing a sentence at a particular point within the range." 18 U.S.C. § 3553(c), (c)(1) (1988). In the present case, Rzeslawski challenges the adequacy of the district court's explanation of both the denial of a downward adjustment for his acceptance of responsibility and the imposition of the 135-month sentence. The adequacy of the district court's explanation for choosing a sentence within the sentencing range is a question of law which is reviewed de novo. United States v. Upshaw, 918 F.2d 789, 792 (9th Cir.1990), cert. denied, 111 S.Ct. 1335 (1991). Analogously, the adequacy of the district court's reasons for imposing a particular sentence is also reviewed de novo.
 
 
 35
 Rzeslawski argues that the district court failed to adequately explain its rationale for rejecting a two-point reduction for acceptance of responsibility so that we should remand to the district court for specific findings. We disagree. The district court explained that, under the totality of the circumstances, Rzeslawski was not candid and did not sufficiently accept responsibility for his crime. In making this determination, the court adopted the recommendation of the probation officer, who arrived at the same conclusion after considering Rzeslawski's testimony. Because the district court expressly stated that it adopted the probation officer's explanation for denying the reduction in sentence, we will not remand to the district court for further findings. United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990) (district court's statement that it adopted the presentence report satisfies requirement of express findings).
 
 
 36
 Rzeslawski also argues that we must remand for further findings because he was given the highest possible sentence within the sentencing range without an adequate explanation. Again, this argument lacks merit. Where a defendant's sentencing range exceeds 24 months, § 3553(c) requires the district court to explain a decision to sentence the defendant at the high end of the range. Here, a base level offense of 28, plus a two-level enhancement for Rzeslawski's role in the crime, and a criminal history category of II generate a sentencing range of 108-135 months so that the district court was required to explain its selection of the 135-month sentence. We find that the district court adequately explained its decision. The judge stated that "given [Rzeslawski's] record in drugs and the quantities thereto, I certainly find it quite amenable to the court to give him the high range of the 135 months." The presentence report describes Rzeslawski's record, stating that the defendant was previously convicted of importing some 37,000 pounds of marijuana into the United States, and that on two other occasions he was arrested at residences where over 1,000 pounds of marijuana were found. In light of Rzeslawski's prior drug involvement, we find that the district court adequately explained its rationale for his sentence so that remanding for specific findings is unwarranted.
 
 
 37
 Rzeslawski's reliance on Upshaw in support of his position is misplaced. In Upshaw, we stated that in determining a sentencing range, the district court must make a statement regarding the defendant's "background, character, and conduct, as well as the systemic goals of deterrence, rehabilitation, and consistency in sentencing." Upshaw, 918 F.2d at 792. In the present case, the district court's statement regarding Rzeslawski's past drug-related activities reflects a consideration of his background, character, and conduct. Furthermore, although the district court did not explicitly include a statement regarding deterrence, rehabilitation, or consistency in sentencing, it implicitly acknowledged the systemic interests noted in Upshaw when it referred to Rzeslawski's history of trafficking in large quantities of drugs. We find that the district court's statements regarding Rzeslawski's criminal record and its incorporation of the presentence report adequately explain its sentencing decision pursuant to 18 U.S.C. § 3553(c)(1).
 
 
 38
 Accordingly, both Rzeslawski's conviction and his sentence are affirmed.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a), and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3