**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Steven H. ELLIOTT,
Defendant–Appellee.**

**No. 89–30040.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 15, 1989.

Decided Jan. 3, 1990.

Joseph Douglas Wilson, Department of Justice, Washington, D.C., for plaintiff-appellant.

Sidney K. Billingslea, Office of Federal Public Defender, Anchorage, Alaska, for defendant-appellee.

Before WRIGHT, WALLACE, and THOMPSON, Circuit Judges.

WALLACE, Circuit Judge:

The United States appeals from the district court's order suppressing evidence discovered during a search of Elliott's apartment. The district court found that the warrant authorizing the search was not supported by probable cause. We have jurisdiction pursuant to 18 U.S.C. § 3731. We reverse.

I

On May 4, 1988, Diane Wilson contacted the Ketchikan Police Department and re-

ported that Elliott was in possession of marijuana and cocaine. Later that day the prosecutor applied for a search warrant in a hearing before a state judge. At this hearing Wilson testified in person and under oath. She stated that she had been living with Elliott until that day, and that she had seen marijuana and cocaine in his apartment. She testified that there was about one-quarter ounce of cocaine presently in the apartment, that she had witnessed Elliott using cocaine several times in the past, that she had seen a small amount of marijuana that day in the apartment, and that during the previous week she had seen Elliott with a "garbage bag full of marijuana" which he said he was attempting to "get rid of." She also stated that Elliott was growing marijuana using a "grow light" in "the back room, behind the apartment."

Also at the hearing, Detective Young testified about his inspection of Elliott's utility records. He stated that he was in possession of Elliott's monthly electric bills, which showed a high and fluctuating level of usage. Detective Young testified that such a pattern is consistent with marijuana growing operations.

The state judge issued the warrant, based upon this testimony. At Elliott's apartment the officers found cocaine and marijuana in the main room. In a storeroom behind the apartment, accessible through a hole in the bathroom wall concealed by a burlap sack, the officers found some 300 marijuana plants.

In federal district court, Elliott challenged the validity of the search warrant. He argued first that Young had presented false testimony with regard to the electric bill. Young had in his possession the bill for the upper right apartment in the building. Elliott lived in the lower right apartment. Elliott contended that Young knew or should have known that he had the wrong bill. Second, Elliott argued that Wilson's testimony was unreliable and was insufficient to establish probable cause. Finally, he maintained that the warrant to search his apartment did not extend to the storeroom where the marijuana plants were found.

The district judge ordered that the evidence be suppressed because (1) Officer Young intentionally or recklessly misled the issuing judge with regard to the electric bill, and (2) Wilson's testimony standing alone was insufficient to establish probable cause. He disagreed with Elliott's third claim, ruling that the search of the storeroom was within the scope of the warrant. On appeal, the government challenges the first two conclusions, and Elliott challenges the third.

## II

■■■■ Ordinarily, a magistrate's determination that sufficient probable cause exists to issue a search warrant will not be overturned unless it is clearly erroneous. *United States v. McQuisten,* 795 F.2d 858, 861 (9th Cir.1986). However, the district judge's review of allegedly false statements and their effect on probable cause is an independent determination, for the question turns on the consequences of a fraud on the issuing magistrate which that magistrate was not in a position to evaluate. *See Franks v. Delaware,* 438 U.S. 154, 169–72, 98 S.Ct. 2674, 2683–85, 57 L.Ed.2d 667 (1978) (*Franks*). We therefore review de novo the district court's ruling as to the existence of probable cause. *United States v. Dozier,* 844 F.2d 701, 706 (9th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 312, 102 L.Ed.2d 331 (1988). The district court's findings of fact underlying the decision to suppress the evidence are accepted unless clearly erroneous. *Id.* at 705.

### A.

We first consider whether the warrant was supported by sufficient indicia of probable cause. The district court found that Young intentionally or recklessly misled the issuing judge with regard to the electric bill. We cannot conclude that this finding is clearly erroneous.

When intentional or reckless misstatements by police officers are demonstrated, "the reviewing court should set the ... false assertions to one side and then deter-

mine whether the ... remaining [testimony] is still sufficient to establish probable cause." *United States v. Ippolito*, 774 F.2d 1482, 1485 (9th Cir.1985). Therefore, the district court properly excised Young's testimony in evaluating the presence of probable cause. *See Franks*, 438 U.S. at 171–72, 98 S.Ct. at 2684–85.

The district court next determined that, with Young's statements excised, the evidence before the magistrate (consisting of the testimony of Wilson) was insufficient to establish probable cause. We now review that conclusion.

■ An informant's description of illegal activity is sufficient to establish probable cause if the totality of the circumstances indicate that the tip is reliable. *Illinois v. Gates*, 462 U.S. 213, 230, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527 (1983) (*Gates*). " 'A detailed eye-witness report of a crime is self-corroborating; it supplies its own indicia of reliability.' " *United States v. Estrada*, 733 F.2d 683, 686 (9th Cir.) (*Estrada*), *cert. denied*, 469 U.S. 850, 105 S.Ct. 168, 83 L.Ed.2d 103 (1984), *quoting United States v. Banks*, 539 F.2d 14, 17 (9th Cir.) (*Banks*), *cert. denied*, 429 U.S. 1024, 97 S.Ct. 644, 50 L.Ed.2d 626 (1976).

■ In this case, Wilson provided detailed information regarding the amounts of drugs present, and regarding the marijuana-growing operation. *See Gates*, 462 U.S. at 245, 103 S.Ct. at 2335 (citing informant's "range of details" regarding the alleged crime as an important indicia of reliability). In testifying that she had lived with Elliott until the day she came forward, she showed an adequate basis for her knowledge. *See id.* at 230, 103 S.Ct. at 2328 ("basis of knowledge" is "highly relevant in determining the value of [the informant's] report"). Moreover, unlike *Gates* and many related informer cases, Wilson was not an anonymous tipper. Rather, she appeared in person before the magistrate and testified under oath. This action provides powerful indicia of veracity and reliability. *See United States v. Hunley*, 567 F.2d 822, 827 (8th Cir.1977) ("independent corroboration of informant's reliability" unnecessary when "the informant comes forward to give an eyewitness account regarding the crime under oath, and subjects himself to perjury if the information is false.").

Probable cause has been found under similar circumstances with substantially lesser indicia of reliability. In *Massachusetts v. Upton*, 466 U.S. 727, 729–35, 104 S.Ct. 2085, 2086–89, 80 L.Ed.2d 721 (1984) (*Upton*), the Supreme Court upheld a warrant based on a telephone tip from defendant's ex-girlfriend that defendant had stolen goods in his motor home. Probable cause was established, said the Court, by the informant's coherent and detailed description of the nature and location of the goods. *Id.* at 733–34, 104 S.Ct. at 2087–88. Although the caller admitted her identity after the police officer guessed her name, she did not provide live testimony before a magistrate or testify under oath. *See id.* at 729–30, 104 S.Ct. at 2085–86. Similarly in *United States v. Kovac*, 795 F.2d 1509, 1512 (9th Cir.1986) (*Kovac*), *cert. denied*, 479 U.S. 1065, 107 S.Ct. 951, 93 L.Ed.2d 1000 (1987), the affidavit submitted in support of a search warrant stated only that the defendant's sister-in-law had been at the defendant's home that day and had seen "more than one ounce" of marijuana. Although there were no independent corroborating facts, and the informant did not testify under oath or before a magistrate, we found that these circumstances provided sufficient indicia of reliability, and that "the information itself ... clearly supported finding probable cause." *Id.* at 1513; *see also Estrada*, 733 F.2d at 686 (probable cause found from personal observation by informant); *Banks*, 539 F.2d at 17.

The decisions of other circuits are not to the contrary. In *United States v. Pelham*, 801 F.2d 875 (6th Cir.1986), *cert. denied*, 479 U.S. 1092, 107 S.Ct. 1305, 94 L.Ed.2d 160 (1987), the sole evidence consisted of an informer's testimony that he had bought drugs from the defendant at a given address within 24 hours. In upholding the warrant, the Sixth Circuit stated that

> there could hardly be more substantial evidence of the existence of the material sought and its relevance to a crime than

[the informer's] direct viewing of marijuana in [the defendant's] house. When a witness has seen evidence in a specific location in the immediate past, and is willing to be named in the affidavit, the "totality of the circumstances" presents a "substantial basis" for conducting a search for that evidence.

*Id.* at 878; *see also United States v. Ross,* 713 F.2d 389, 393 (8th Cir.1983) (upholding warrant based solely on testimony that named informant had overheard discussions of criminal activity); *United States v. Hodges,* 705 F.2d 106, 108 (4th Cir.1983) (*Hodges*) (upholding warrant based solely on testimony of defendant's girlfriend, who had been living with him, that she had seen an illegal firearm in his residence); *United States v. Copeland,* 538 F.2d 639, 642–43 (5th Cir.1976) (*Copeland*) (named informant's testimony of " 'personal knowledge' of the illicit activity" is sufficient to establish probable cause).

Elliott argues that Wilson's testimony should be discounted because it was delivered in response to leading questions, because Wilson had a motive to testify against him, and because evidence suggests that she may have planted cocaine in Elliott's apartment in order to incriminate him. We address each of these arguments in turn.

■ First, there is no bar to leading questions at a probable cause hearing. Here the district attorney appeared with Wilson before the magistrate and questioned her under oath. While the questions may have been leading, the magistrate found Wilson's testimony to be reliable. It is more customary for a police officer to appear alone at such hearings and describe what was conveyed to him earlier by an informant. *See, e.g., Upton,* 466 U.S. at 729–30, 104 S.Ct. at 2086–87; *Kovac,* 795 F.2d at 1512. Wilson's testimony, in person and under oath, even if in response to leading questions, surely carries no lesser indicia of reliability.

Second, Wilson's motive to testify does not undercut her credibility. In *Upton,* the informant stated that she had broken up with defendant and "wanted to burn him."

466 U.S. at 729, 104 S.Ct. at 2086. Far from finding this circumstance a negative factor, the Court stated that it heightened veracity by providing a motivation for the tip. *Id.* at 734, 104 S.Ct. at 2088; *see also Hodges,* 705 F.2d at 108 ("Even if we accept the inference that [informant] harbored ill will toward [defendant], her credibility cannot be rejected on this ground."); *Copeland,* 538 F.2d at 642 ("[A]ntagonism [toward defendant] may explain [informant's] motivation in providing the government with the tip, but it does not necessarily lessen his credibility.").

Finally, Elliott argues at length that Wilson fabricated the evidence against him. This contention is insufficient for several reasons. Post-issuance attacks upon the testimony delivered at a search warrant hearing are permitted only with respect to the misstatements of governmental actors. *Franks,* 438 U.S. at 171, 98 S.Ct. at 2684 ("The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the [police] affiant, not of any nongovernmental informant."). Elliott's claims that Wilson fabricated evidence may constitute a defense at trial, but standing alone they cannot be used to attack the search warrant. Elliott would have to show also that the police knew of Wilson's falsity or exhibited reckless disregard as to her truthfulness.

Neither the magistrate nor the district judge made any finding that the government knew or should have known of any misstatements or wrongdoing on the part of Wilson. Indeed, the magistrate refused to find that Wilson had in fact fabricated any testimony. Although there was some evidence that Wilson once considered such a plan, the magistrate concluded that "[t]here was no evidence presented at the hearing to show that informant Wilson ever carried out any proposed scheme to plant cocaine." Elliott is unable to point to any finding in the record even showing that Wilson made misstatements, much less that the government knew of them. In addition, Elliott's allegations of wrongdoing go only to the presence of cocaine. Wilson also testified as to the presence of a mari-

juana-growing operation, and to the fact that some time previously Elliott had a garbage-bag full of marijuana at his residence. These statements alone are sufficient to establish probable cause.

We therefore hold that the district court erred in ruling that Wilson's testimony standing alone did not support a finding of probable cause. Wilson demonstrated an adequate basis for her knowledge, and testified in detail and under oath as to her personal observations of illegal activity. The totality of the circumstances clearly shows more than "bare bones" allegations, *see Gates*, 462 U.S. at 239, 103 S.Ct. at 2332, and provides adequate indicia of probable cause.

### B.

Elliott contends that the district court erred in ruling that the search warrant extended to the storeroom behind the apartment. The district court concluded that the room in question was part of Elliott's apartment. We agree. The room was accessible through a hole cut in the wall of Elliott's bathroom and covered by a burlap bag. This unconventional manner of access did not sever the room from the rest of the apartment. To the contrary, it made the room part of the apartment. Thus, the search of the storeroom did not exceed the scope of the warrant authorizing a search of the apartment.

### III

We conclude that Wilson's testimony established probable cause to believe Elliott had drugs in his apartment, and that the officers did not impermissibly exceed the scope of the warrant in searching the storeroom. Elliott has not established any violation of the fourth amendment.

REVERSED.