919 F.2d 147
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Timothy WATSON, Defendant-Appellant.
 No. 89-10232.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 3, 1990.
Decided Nov. 23, 1990.
 Before SCHROEDER, FERGUSON and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Timothy Watson (Watson) appeals from his conviction of possession with intent to distribute over 50 grams of cocaine base in violation of 21 U.S.C. Sec. 841 (a)(1). Watson contends that (1) the warrant to search his residence was issued without probable cause; (2) the district court erred in denying his request for a Franks hearing; (3) the district court erred in not ordering disclosure of the confidential informant's identity; and (4) the district court erred in admitting evidence of firearms found during a search of his storage locker and apartment.
 
 
 3
 On September 22, 1988, a magistrate issued a search warrant for Watson's residence. The warrant was based on the affidavit of Emanuel Rivera (Rivera), a Sacramento County Sheriff's narcotics detective.
 
 
 4
 Much of the information in Rivera's affidavit was allegedly received from two confidential informants and Watson's apartment manager. That information included allegations that Watson was a narcotics dealer. Confidential informant # 2 (CRI# 2) alleged that he had personally seen Watson in the possession of rock cocaine on two occasions.
 
 
 5
 On September 24, 1988, the search warrant was executed on Watson's residence. Of the items discovered, the ones at issue here are a nine-millimeter handgun seized in the bedroom of Watson's roommate and three loaded weapons seized from Watson's storage locker.
 
 I. Probable Cause
 
 6
 The standard of review for a magistrate's determination that probable cause existed is whether the magistrate's determination is clearly erroneous. United States v. Elliot, 893 F.2d 220, 221 (9th Cir.1990); United States v. McQuisten, 795 F.2d 858, 861 (9th Cir.1986).
 
 
 7
 We must determine whether the magistrate had a substantial basis for making a common-sense decision, considering the information in the affidavit as well as the veracity and basis of knowledge of persons supplying hearsay information, that there was a fair probability that contraband or evidence of drug trafficking would be found in Watson's apartment. Illinois v. Gates, 462 U.S. 213, 238-239 (1983) (citing Jones v. United States, 362 U.S. 257, 271).
 
 
 8
 Here, the district court, relying almost exclusively on the information provided by CRI# 2, upheld the magistrate's finding of probable cause. Because CRI# 2 had previously given police information resulting in the arrest of suspects and CRI# 2 alleged that he personally saw Watson in possession of cocaine, we agree with the district court that the information provided by CRI# 2 to Rivera forms a substantial basis on which to find probable cause.
 
 II. Right to a Franks Hearing
 
 9
 Whether Watson was entitled to a Franks hearing is reviewed de novo. United States v. Johns, 851 F.2d 1131, 1133 (9th Cir.1988).
 
 
 10
 A defendant may have a right to challenge the truthfulness of the search-warrant affidavit in a special Franks hearing. United States v. Franks, 438 U.S. 154 (1977). Watson's private investigator's affidavit alleged that Watson stayed in a Reno hotel for two of the four-day range during which CRI# 2 allegedly saw Watson in possession of cocaine. The affidavit did not support that Rivera's statements were false, and thus did not entitle Watson to a Franks hearing. Watson's challenge to the use of statements by his apartment manager to Rivera also was inadequate to require a Franks hearing. One of the requirements necessary to grant a Franks hearing is that the challenged statements must have been necessary to find probable cause. United States v. Dicesare, 765 F.2d 890, 894-895 (9th Cir.1985) (citing United States v. Kiser, 716 F.2d 1268, 1271 (9th Cir.1983). Here, the district court did not rely on the apartment manager's statements in finding probable cause. Thus, Watson's request for a Franks hearing was properly denied.[1]
 
 
 11
 III. Identification and Production of Informant
 
 
 12
 Where the informant's identity is requested by a criminal defendant, the district court's decision not to hold a hearing or disclose the identity of the informant will only be overturned for an abuse of discretion. United States v. Fixen, 780 F.2d 1434 (9th Cir.1986).
 
 
 13
 It is well-settled in this circuit that where the sole ground for seeking disclosure of a reliable informant's identity is to establish whether there was probable cause for a search warrant, the trial court need not require such disclosure. United States v. Fixen, 780 F.2d 1434, 1439 (9th Cir.1986). Here, Watson's investigator's affidavit regarding the Reno hotel did not call into question the veracity of Rivera's affidavit. Nor did the possibility that the apartment manager gave the investigator different information from that which was in Rivera's affidavit sufficiently affect Rivera's credibility. Thus, the trial court did not abuse its discretion in not ordering disclosure of CRI# 2's identity.
 
 IV. Suppression of Weapons as Evidence
 
 14
 Decisions regarding the relevancy of evidence are reviewed for an abuse of discretion. United States v. Lee, 847 F.2d 531, 534 (9th Cir.1988); United States v. Gwaltney, 790 F.2d 1378, 1382.
 
 
 15
 In United States v. Martin, 599 F.2d 880, 889 (9th Cir.1979), and United States v. Crespo de Llano, 838 F.2d 1006, 1018 (9th Cir.1987), we held that possession of firearms can be relevant to show involvement in the narcotics trade. Three of the firearms at issue were found in a storage locker that was under Watson's control. Thus, the trial court did not abuse its discretion in admitting the firearms found in Watson's storage locker as evidence of Watson's involvement in the selling of narcotics.
 
 
 16
 The nine-millimeter gun discovered in the bedroom of Watson's roommate, however, was not relevant and should not have been admitted as evidence against Watson. Nonetheless, given that four other weapons were properly before the jury as evidence against Watson, the district court's decision to admit the nine-millimeter gun was harmless. 28 U.S.C. 2111; Fed.R.Crim.P. 52(a).
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 Appellant claims that, pursuant to United States v. Moore, 522 F.2d 1068, 1072 (9th Cir.1975), United States v. Kiser, 716 F.2d 1268, 1273 (9th Cir.1983), and United States v. Anderson, 509 F.2d 724, 729-30 (9th Cir.19874), the trial judge should have conducted an in camera examination of CRI# 2 based on the conflicting affidavits of appellant's private investigator and Rivera. However, there is no indication in the record on appeal that appellant requested an in camera hearing below. Therefore, we need not decide this issue. In re Wind Power, 841 F.2d 288, 290 n. 1 (9th Cir.1988)