990 F.2d 1263
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Robert LUCAS, Defendant-Appellant.
 No. 92-10390.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 11, 1993.
Decided April 13, 1993.
 
 Before NORRIS, HALL and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Robert Lucas appeals his conviction and sentence following a conditional guilty plea to possession of an unregistered machine gun, in violation of 26 U.S.C. § 5861(d), and to being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). Lucas contends that the district court erred by failing to suppress evidence of the firearms because it was obtained as a result of an unlawful entry. We reverse.
 
 BACKGROUND
 
 3
 On January 30, 1991, Oakland police sergeant Dan Mercado was assigned to investigate a double murder in Oakland, California. On February 11, 1991, an unknown male called the Oakland Police Department and stated that Lucas was the murderer and that he was currently living with "Judy" at 513 Waterfall Way, San Leandro, California. Mercado obtained this information and began investigating Lucas and, in the course of his investigation, discovered that Lucas was on federal parole for a drug conviction.
 
 
 4
 Shortly thereafter, Mercado received information from a confidential informant that Lucas and Judy Brandes were living together. Mercado then contacted Lucas' federal parole officer, Susan Mitchell, who informed him that Lucas had violated his parole and that she was in the process of obtaining a parole warrant for Lucas' arrest. On February 20, 1991, the United States Parole Commissioner issued a warrant directing the United States Marshal to arrest Lucas. Mercado contacted the Marshal and offered to assist in the execution of the parole warrant.
 
 
 5
 On March 4, 1991, Mercado received a letter from "A Concerned Citizen" indicating that Lucas was living with "Judy" at 4131 Waterfall Way, San Leandro, California. The letter stated that numerous weapons were in the apartment and that Lucas was driving a car rented in Judy's name. Moreover, the letter gave the telephone number of the apartment and indicated that Lucas was "currently on federal parole but he hasn't reported to p.o. in months and probably has a parole warrant for parole violation." Mercado went to 4131 Waterfall Way (Lakeside Village Apartments) and the apartment manager confirmed that Judy Brandes had rented apartment 4131 Waterfall Way and had listed Lucas as a personal reference, but at a different address. She listed a Corvette as her car and was assigned parking stall number 6.
 
 
 6
 Based on this information, Mercado and the Marshal decided to execute the parole warrant on the morning of March 5, 1991 at the Waterfall Way address. That morning, Mercado observed that a green Corvette was parked in Judy Brandes' parking stall (no. 6); the car, however, was registered to Steve and Evelyn Zehring. Mercado also called the telephone number indicated in the anonymous letter and got a recorded message from "Judy." Mercado and his team of officers knocked on Judy Brandes' door, announced their presence and then forced their way into the apartment. Once inside, Mercado and the Marshal observed in plain view numerous weapons. Lucas was arrested, and Mercado applied for and was issued a state warrant to search Brandes' apartment for firearms. Mercado seized the firearms.
 
 
 7
 On August 23, 1991, Lucas was indicted for possession of an unregistered firearm and being a felon in possession of firearms. On October 17, 1991, Lucas filed a motion to suppress the evidence. On February 13, 1992, the district court conducted a hearing. The district court concluded that, based on the tips and other evidence, the police entry was valid and therefore, the evidence discovered in the apartment was admissible.
 
 DISCUSSION
 A. Unlawful Entry
 
 8
 "An arrest warrant ... primarily serves to protect an individual from an unreasonable seizure." Steagald v. United States, 451 U.S. 204, 213, 101 S.Ct. 1642, 1648, 68 L.Ed.2d 38 (1981). "[A]n arrest warrant normally carries with it the limited authority to enter the home of the person named in the warrant." United States v. Harper, 928 F.2d 894, 896 (9th Cir.1991). In Harper, this court stated,
 
 
 9
 An arrest warrant does not carry with it the authority to enter the homes of third persons.... [T]he police may enter a home with an arrest warrant only if they have probable cause to believe the person named in the warrant resides there. If the police lack probable cause to believe the suspect is an actual resident, but have probable cause to believe he's present, they must get a search warrant.
 
 
 10
 Id. (citations omitted); see also Perez v. Simmons, 884 F.2d 1136, 1142 (9th Cir.1989), amended, 900 F.2d 213 (9th Cir.1990).
 
 
 11
 "An informant's description of illegal activity is sufficient to establish probable cause if the totality of the circumstances indicate that the tip is reliable." United States v. Elliott, 893 F.2d 220, 223 (9th Cir.), amended, 904 F.2d 25 (9th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 268, 112 L.Ed.2d 224 (1990). In considering the "totality of the circumstances," the court should consider the informant's history of reliability or basis of knowledge. United States v. Ayers, 924 F.2d 1468, 1478 (9th Cir.1991). A tip has greater weight where there is a detailed description of the alleged wrongdoing. See Illinois v. Gates, 462 U.S. 213, 233-34, 103 S.Ct. 2317, 2329-30, 76 L.Ed.2d 527 (1983); Elliott, 893 F.2d at 223. In addition, corroboration of the details of an informant's tip by independent police work help support a finding of probable cause. Gates, 462 U.S. at 241, 103 S.Ct. at 2334; Harper, 928 F.2d at 896. A conclusory or barebones statement asserting an informant's reliability is not particularly helpful. Gates, 462 U.S. at 239, 103 S.Ct. at 2332-33.
 
 
 12
 Here, the "totality of the circumstances" set forth in Mercado's declaration indicates that Mercado received two anonymous tips (possibly from the same person) and one tip from a confidential informant. Mercado's investigation yielded nothing suggesting that Lucas lived with Brandes. Lucas was not listed as a tenant at the apartment complex, and there was no statement that the police or anyone else observed Lucas enter or leave the apartment at any time. Cf. Harper, 928 F.2d at 896 (police observed defendant entering home with his own key). Nor was there evidence of Lucas' car anywhere on the premises. Indeed, the only independent information of Lucas' residence was in Brandes' rental agreement where she listed Lucas as a personal reference and listed his address as 3637 Rhoda Street, Oakland, California.
 
 
 13
 Moreover, the reliability of the anonymous tips and the confidential informant is questionable. There is little indication that the information was first hand. At most some of the detail in the letter supports the fact that the informant did know Lucas and Brandes. Cf. Elliott, 893 F.2d at 223 (informant lived with defendant and observed firsthand the criminal activity). Mercado failed to provide an indication of his informant's past reliability and merely stated that the informant was reliable and confidential. Cf. Ayers, 924 F.2d at 1478 (detailed information regarding contraband and reliability).
 
 
 14
 Although the letter gave Brandes' correct address and accurately stated Lucas' parole status, the letter alone cannot support a probable cause determination that Lucas resided with Brandes. See Gates, 462 U.S. at 227, 103 S.Ct. at 2326 (Court "inclined to agree" that anonymous letter standing alone would not support probable cause).
 
 
 15
 Aside from the assertions made by anonymous and confidential parties, there was no evidence supporting an inference, let alone indicating, that Lucas lived with Brandes. In fact, the opposite was true given Brandes' statement in her rental agreement. In sum, there was no corroboration of the tips that Lucas resided at the apartment. Therefore, the police lacked probable cause to believe Lucas lived at the Waterfall Way address, and their forced entry was illegal.
 
 B. Search Warrant
 
 16
 Mercado's affidavit supporting his application for a search warrant included the fact that he saw the weapons in plain view upon entering the apartment. In his supplemental declaration, Mercado stated "I believe there was probable cause to search the apartment ... based upon the facts recited in my affidavit, most importantly my observation of firearms and explosives in plain view inside the apartment."
 
 
 17
 Mercado's affidavit, absent the reference to plain view observations, consists of statements describing the events leading up to the entry, that is, the very information that does not support a finding of probable cause. The only untainted reference to the possibility of finding weapons in the apartment came from the anonymous letter. As a matter of law, that fact alone will not support a finding of probable cause. See Gates, 462 U.S. at 239, 103 S.Ct. at 2332-33 (an affiant's statement that his belief is based solely on informant's conclusory assertion of criminal activity is inadequate). Normally we would (indeed, must) ask the district court to determine whether a warrant contains sufficient information to permit a finding of probable cause once the tainted evidence is removed. See Murray v. United States, 487 U.S. 533, 543, 108 S.Ct. 2529, 2536, 101 L.Ed.2d 472 (1988). Here, however, we have already held that there is not probable cause absent the tainted evidence, so we see no reason to remand for that determination.
 
 
 18
 In fine, the information available to the police did not support probable cause for the initial entry, and, aside from the plain view evidence, the warrant was based solely upon that information. Therefore, the evidence obtained as a result of the entries should have been suppressed and Lucas must be allowed to withdraw his plea. Fed.R.Crim.P. 11(a)(2).[1]
 
 
 19
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we hold that the police lacked probable cause to enter the apartment, we do not address Lucas' remaining arguments challenging his conviction and sentence