996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark A. PELOZZIE, Defendant-Appellant.
 No. 92-30072.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 17, 1993.
 
 MEMORANDUM**
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 Mark A. Pelozzie appeals his conviction, following a jury trial, for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Pelozzie contends that the district court erred by (1) denying his pretrial motion to dismiss because the search warrant was not supported by probable cause and (2) denying his motion for judgment of acquittal because the evidence was insufficient to support his conviction. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 2
 * Probable Cause
 
 
 3
 We review for clear error a magistrate's determination of probable cause to issue a search warrant. United States v. Terry, 911 F.2d 272, 275 (9th Cir.1990). In reviewing the magistrate's determination, we must examine " 'whether the magistrate had a substantial basis for concluding that the affidavit in support of the warrant established probable cause.' " United States v. Ayers, 924 F.2d 1468, 1478 (9th Cir.1991) ( quoting United States v. Angulo-Lopez, 791 F.2d 1394, 1396 (9th Cir.1986)).
 
 
 4
 "An informant's description of illegal activity is sufficient to establish probable cause if the totality of the circumstances indicate that the tip is reliable." United States v. Elliot, 893 F.2d 220, 223 (9th Cir.), amended on other grounds, 904 F.2d 25, cert. denied, 498 U.S. 904 (1990). " 'A detailed eye-witness report of a crime is self-corroborating; it supplies its own indicia of reliability.' " Id. ( quoting United States v. Estrada, 733 F.2d 683, 686 (9th Cir.), cert. denied, 469 U.S. 850 (1984), and cert. denied, 469 U.S. 861 (1984)).
 
 
 5
 Pelozzie contends that the affidavit was insufficient to establish probable cause because the informant was not reliable and law enforcement officers did not independently corroborate her tip. This contention lacks merit.
 
 
 6
 Here, Pamela K. Pelozzie, Pelozzie's wife from whom he is separated, contacted law enforcement authorities and reported that: he was residing in a mobile home which she owned; she occasionally stayed at the mobile home; she observed what she believed to be a Ruger Blackhawk revolver on a bedside table in his bedroom; she believed the revolver was a Ruger Blackhawk because she recognized the eagle crest loop on its frame; she kept a Remington shotgun and other personal belongings in a second bedroom; and Pelozzie had access to the shotgun. Based upon this information and a criminal history check which revealed that Pelozzie had prior felony convictions, a magistrate issued a search warrant for the mobile home.
 
 
 7
 Because Pamela Pelozzie provided detailed information regarding the alleged crime and revealed an adequate basis for her knowledge, her tip was sufficient to establish probable cause without independent corroboration by law enforcement officers. See Massachusetts v. Upton, 466 U.S. 727, 733-34 (1984) (upholding a warrant based upon a telephone tip from defendant's ex-girlfriend that he had stolen goods in his motor home); see also Elliot, 893 F.2d at 223. The reliability of her tip was not undercut by the fact that she may have harbored ill will toward Pelozzie. See id. at 224. Accordingly, the magistrate did not clearly err by finding probable cause for the warrant based solely upon the tip provided by Pelozzie's wife. See Terry, 911 F.2d at 275; Elliot, 893 F.2d at 223-25.
 
 II
 Sufficiency
 
 8
 Pelozzie contends that the evidence was insufficient to support his conviction because the government failed to prove that he had dominion and control over the firearms found in the mobile home. We disagree.
 
 
 9
 Because Pelozzie failed to renew his motion for judgment of acquittal at the close of all the evidence, we review his objection to the sufficiency of the evidence "only to prevent a manifest miscarriage of justice or for plain error." United States v. Kuball, 976 F.2d 529, 531 (9th Cir.1992).
 
 
 10
 If the premises where contraband is found are shared by more than one person, a defendant's constructive possession may be established through evidence that he "has knowledge of the weapon and both the power and the intention to exercise dominion and control over it." Terry, 911 F.2d at 278. This standard may be met through evidence that the defendant knew the location of the weapon and had unhindered access to it when the other joint occupant was absent. United States v. Garcia-Cruz, 978 F.2d 537, 542 (9th Cir.1992), cert. denied, No. 92-8393, 1992 WL 137093 (U.S. June 1, 1993); see also Terry, 911 F.2d at 278.
 
 
 11
 Here, law enforcement officers searched the mobile home and found a revolver hidden inside a cutoff pants leg in a coffee table in the living room. Officers also found a shotgun in a bedroom where Pamela Pelozzie kept her personal belongings. At trial, the government presented evidence that Pelozzie resided at the mobile home and that he was the only person present when it was searched. Although the revolver found in the living room was not a Ruger Blackhawk, Pamela Pelozzie identified it as the same one she had seen in Pelozzie's bedroom and testified that when she saw it Pelozzie acknowledged its presence by stating " 'It's okay, no big deal,' or something like that." Pamela Pelozzie also testified that she kept the shotgun at the mobile home at her husband's request. Bureau of Alcohol, Tobacco, and Firearms Special Agent Lance Hart testified that the revolver found in the mobile home was similar in appearance to a Ruger Blackhawk. Furthermore, Agent Hart testified that the bedroom where the shotgun was found was unlocked and Pelozzie admitted his knowledge of the location of the shotgun.
 
 
 12
 Based upon Pamela Pelozzie's testimony that she kept the shotgun at the mobile home at her husband's request, and Special Agent Hart's testimony that the shotgun was found in an unlocked bedroom in the mobile home and Pelozzie admitted his knowledge of the shotgun, a reasonable trier of fact could have found that Pelozzie had knowledge of the location and unhindered access to the shotgun when his wife was absent. Based upon Pamela Pelozzie's testimony that she had seen the revolver in her husband's bedroom and he had acknowledged its presence, a reasonable trier of fact also could have found that Pelozzie had knowledge of the location and unhindered access to the revolver. Accordingly, there was sufficient evidence that Pelozzie constructively possessed the firearms found in the mobile home. See Garcia-Cruz, 978 F.2d at 542; Terry, 911 F.2d at 278. There is no plain error.[1]
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pelozzie also contends that his conviction circumvents the intent of Congress in amending 18 U.S.C. § 922(g)(1) in 1986. We decline to reach the merits of this contention, however, because Pelozzie failed to raise this issue before the district court. See United States v. Monroe, 943 F.2d 1007, 1018 n. 12 (9th Cir.1991), cert. denied, 112 S.Ct. 1585 (1992)