21 F.3d 1118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Richard SATTES, Defendant-Appellant.
 No. 93-50332.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 9, 1994.*
Decided March 21, 1994.
 
 Before: PREGERSON, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Sattes appeals the district court's denial of a motion to suppress evidence discovered during a January 24, 1992 search of his home. Specifically, Sattes challenges the court's determination that the affidavit supporting a warrant to search his residence for methamphetamine and certain chemicals and paraphernalia used in its production established probable cause for the search. We affirm.
 
 
 3
 Before a search warrant may issue, evidence must be submitted establishing probable cause that contraband or evidence of a crime will be found in the place to be searched. United States v. Depew, 8 F.3d 1424, 1428 (9th Cir.1993). Magistrates must examine the "totality of the circumstances" set forth in the affidavit to determine whether probable cause exists. The circumstances that a magistrate may consider include an informant's reliability and basis of knowledge. However, a deficiency in one of these elements may be compensated for by a strong showing as to the other, or by other indicia of reliability. One indicium of reliability is the corroboration of details of an informant's tip by independent police work. United States v. Ayers, 924 F.2d 1468, 1478 (9th Cir.1991); see Illinois v. Gates, 462 U.S. 213, 233, 241, 103 S.Ct. 2317, 2329, 2334, 76 L.Ed.2d 527 (1983).
 
 
 4
 Detective Elkins' affidavit stated that the CRI was inside Sattes' residence within the past ten days and had observed Sattes in possession of saleable quantities of methamphetamine and engaged in sales of the drug to a third party. The affidavit demonstrated the CRI's basis of knowledge and reliability, and contained other indicia of reliability including independent corroboration of its details by Elkins.
 
 
 5
 The CRI's basis of knowledge was established in two ways. First, the affidavit stated that information was obtained through personal observation, which is probably the most reliable basis of knowledge. See Ayers, 924 F.2d at 1478-79; United States v. Elliott, 893 F.2d 220, 223 (9th Cir.), cert. denied, 498 U.S. 904, 111 S.Ct. 268, 112 L.Ed.2d 224 (1990); United States v. Kovac, 795 F.2d 1509, 1512-13 (9th Cir.1986), cert. denied, 479 U.S. 1065, 107 S.Ct. 951, 93 L.Ed.2d 1000 (1987). Second, Elkins stated that he determined that the CRI was a past methamphetamine user with extensive knowledge of the drug. Thus, the magistrate had a factual basis to conclude that the CRI could identify methamphetamine, could determine how much Sattes had, and reasonably believed that Sattes was selling it. Ayers, 924 F.2d at 1478.
 
 
 6
 The affidavit also established the CRI's reliability. The affidavit stated that the CRI has worked with law enforcement agencies, including the El Cajon police, in the past and had provided, and continued to provide, truthful information which led to the seizure of narcotics and convictions of traffickers. See Ayers, 924 F.2d at 1478.
 
 
 7
 Finally, the affidavit listed several details of the CRI's tip that Elkins was able to corroborate independently. Taken out of context, the details were innocent enough. In the context of the CRI's tip, however, independent corroboration of the identification and description of the alleged drug dealer supported the conclusion that the CRI was also telling the truth about having seen the drugs. See United States v. Arias, 923 F.2d 1387, 1390 (9th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 130, 116 L.Ed.2d 97 (1991).
 
 
 8
 The affidavit contained sufficient evidence of the CRI's basis of knowledge and reliability, as well as other indicia of reliability. It provided a substantial basis for the magistrate's determination that the totality of the circumstances set forth in the affidavit established probable cause to believe that methamphetamine and paraphernalia related to its production and sale would be found in the search of Sattes' residence. See Kovac, 795 F.2d at 1513.[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sattes did not directly appeal his sentence. He only asked that the case be remanded for resentencing, if this court reversed the district court's ruling on the suppression motion and, as a result, overturned his conviction on Count One of the indictment. We have not overturned his conviction. Thus, there are no sentencing issues for us to consider