28 F.3d 108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dwayne Edward BRADLEY, Defendant-Appellant.
 No. 93-30385.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 7, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dwayne Edward Bradley appeals his conviction, which followed a jury trial, for being a felon in possession of a firearm in violation of 18 U.S.C. Secs. 922(g)(1), 924(e)(1). Bradley claims the district court erred, first, by denying his motion to suppress evidence seized pursuant to an invalid warrant and, second, by admitting evidence of other acts to show his bad character. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 A. Probable Cause
 
 3
 A search warrant is void if the affidavit upon which it is based contains a deliberate or reckless omission which was necessary to the magistrate's finding of probable cause. United States v. Tham, 960 F.2d 1391, 1395 (9th Cir.1991). When a warrant is founded on allegedly misleading omissions, we review de novo the district court's ruling as to the existence of probable cause. United States v. Elliott, 893 F.2d 220, 222 (9th Cir.), amended, 904 F.2d 25 (9th Cir.), cert. denied, 498 U.S. 904 (1990). We review for clear error its determination whether a statement was intentionally or recklessly misleading. United States v. Bertrand, 926 F.2d 838, 842 (9th Cir.1991).
 
 
 4
 On November 20, 1992, Oregon State Trooper Paul Collinsworth sought a warrant to search Bradley's house for a handgun. His affidavit stated that Nina Kimble, Bradley's mother-in-law, had recounted to him three conversations she had had with her daughter, Jamie Kimble-Bradley.
 
 
 5
 First, on November 10, Jamie told Nina that Bradley, a convicted felon, had asked her to buy a handgun for him. Jamie said that she had intended to buy the gun at the Florence Coast to Coast Hardware Store but had changed her mind because she was afraid for her children.
 
 
 6
 Second, on November 17, Jamie told Nina that Bradley had found a handgun in the brush behind the house. Jamie said she suspected the gun had come from a burglary and, fearing for her children's safety, had thrown it into the garbage.
 
 
 7
 Third, on November 18, Jamie told Nina that Bradley had obtained a black handgun from a friend at a bar. Jamie said she had made Bradley call the friend to retrieve the gun.
 
 
 8
 Collinsworth checked local law enforcement computer records, which showed that Jamie Bradley had purchased a handgun from the Florence Coast to Coast Store on October 14, 1992. Larry Johnson, a salesman at the Coast to Coast Store, reviewed the "dealer's record of sale of handgun," and confirmed that the transaction had taken place.
 
 
 9
 On the strength of these facts, a warrant issued on November 20, 1992. Collinsworth found a gun in Bradley's bedroom.
 
 
 10
 At the hearing on Bradley's motion to suppress evidence, Bradley produced evidence that Jamie had, in fact, cancelled the Coast to Coast transaction before she ever picked up the gun. Bradley argues on appeal that Collinsworth recklessly failed to inquire before seeking a search warrant whether Jamie had cancelled the sale. We discern no error in the magistrate's finding that Collinsworth's omission was not deliberate or reckless. See Bertrand, 926 F.2d at 842.
 
 
 11
 Moreover, we note that whether further investigation would have shown Jamie's resolve not to have a firearm in the house, the facts show that Bradley himself was keenly interested in guns and had a knack for finding them without Jamie's assistance. We hold, under the totality of the circumstances, that probable cause supported issuance of the warrant. See Illinois v. Gates, 462 U.S. 213, 238 (1983); Elliott, 893 F.2d at 222.
 
 B. Evidence
 
 12
 We review de novo the legal question whether a proffered item is evidence of "other crimes" under Fed.R.Evid. 404(b). United States v. Soliman, 813 F.2d 277, 278 (9th Cir.1987). "Evidence should not be treated as 'other crimes' evidence when 'the evidence concerning the ['other'] act and the evidence concerning the crime charged are inextricably intertwined.' " Id., 813 F.2d at 279 (quoting United States v. Aleman, 592 F.2d 881, 885 (5th Cir.1979)). We reverse "nonconstitutional evidentiary error ... for an abuse of discretion only if the court's ruling more likely than not affected the verdict." United States v. Yin, 935 F.2d 990, 994 (9th Cir.1991).
 
 
 13
 Here, the government introduced Bradley's taped confession, in which he acknowledged having stolen the handgun police found in his bedroom. Jeffrey Bryant testified for the government that Bradley was planning to use the gun to rob a local merchant. He further testified that Bradley had smoked marijuana with him and shot the gun in his presence. The district court reminded the jury repeatedly that Bradley was not on trial for robbery or drug crimes.
 
 
 14
 Bradley argues that this evidence was irrelevant and led the jury to convict him for his criminal character. We disagree. The evidence of Bradley's bad deeds and intentions was incidental to the government's account of how and why he came to possess a handgun, the crime with which he was charged. Moreover, in light of the overwhelming showing of Bradley's guilt, there was little danger that the challenged evidence affected the verdict. See Yin, 935 F.2d at 994.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Bradley's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3