39 F.3d 1190
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bruce Albert WHITE, Defendant-Appellant.
 No. 93-50706.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 24, 1994.
 
 1
 Before: FLETCHER, FERNANDEZ, Circuit Judges, and SEDWICK, District Judge**.
 
 
 2
 MEMORANDUM***
 
 
 3
 Bruce White appeals from the district court's denial of his motion to suppress and his motion for a continuance of his trial. He argues that the warrant permitting the search of his person was not supported by probable cause and that any fruits of that search should have been suppressed. He also argues that the district court committed error when it refused to give him a continuance in order to examine tapes that the government used as evidence in its rebuttal. We affirm.
 
 
 4
 1. White argues that the district court committed reversible error when it denied his motion to suppress. The district court denied his motion on the grounds that the search warrant was supported by probable cause under Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and, in the alternative, that the evidence was admissible under United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), which permits a good faith exception to the probable cause requirement. The underlying affidavit depended in part on a confidential informant's tip and on police officers' corroboration of that tip.
 
 
 5
 The facts show that the warrant was supported by probable cause under the Gates "totality of the circumstances" test. Gates, 462 U.S. at 230, 103 S.Ct. at 2328. This test establishes that probable cause exists as long as there is strong indicia of informant reliability. See id. at 233, 103 S.Ct. at 2329. Factors to examine are: the quality of the informant's eyewitness description, United States v. Elliott, 893 F.2d 220, 223 (9th Cir.), cert. denied, 498 U.S. 904, 111 S.Ct. 268, 112 L.Ed.2d 224 (1990); whether the informant's statement is against his own penal interest, United States v. Roberts, 747 F.2d 537, 544 (9th Cir.1984); whether independent police investigation corroborates the factual elements of the tip, United States v. Ayers, 924 F.2d 1468, 1478 (9th Cir.1991); and the existence of additional informants who corroborate the tipster's information, United States v. Yarbrough, 852 F.2d 1522, 1533 (9th Cir.), cert. denied, 488 U.S. 866, 109 S.Ct. 171, 102 L.Ed.2d 140 (1988).
 
 
 6
 Here, the informant provided detailed, fresh information which was from his personal observation, and some of his statements were against his penal interest. Also, police officers corroborated many of his statements, and other tipsters further buttressed the informant's allegations. Although the informant's statements and the police officers' corroboration provided stronger evidence of wrongdoing on the part of White's colleague, an informant's detailed, corroborated statements regarding some facts can be used to validate other statements by that informant. See United States v. Potter, 830 F.2d 1049, 1052 (9th Cir.1987), cert. denied, 485 U.S. 937, 108 S.Ct. 1114, 99 L.Ed.2d 274 (1988). These facts supported a finding of probable cause.
 
 
 7
 Further, the facts support the alternate finding that the good faith exception to the warrant requirement applied. Exclusion is not required where the police act in good faith reliance on a facially valid search warrant, even if the affidavit is insufficient to establish probable cause. See Leon, 468 U.S. at 913, 922, 104 S.Ct. at 3415, 3420. We agree with the district court that were there any doubt about the sufficiency of the warrant, there can be no doubt that it was at least facially valid and that reliance upon it was objectively reasonable. See id. at 922-24, 104 S.Ct. at 3420-21.
 
 
 8
 2. White also argues that the district court committed reversible error when it denied his mid-trial motion for a continuance so that he could examine tapes. We disagree. Our review of the record makes it apparent that the district court did not clearly abuse its discretion when it denied White's motion for a continuance. See United States v. Flynt, 756 F.2d 1352, 1358-59 (9th Cir.1985). We note in particular that White had ample opportunity to counter the evidence of his romantic connection to his ex-wife. He took full advantage of that opportunity.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Hon. John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3