UNITED STATES of America,
Plaintiff—Appellee,

v.

Christopher Lee PHILLIPS,
Defendant—Appellant.

No. 02–30396.

D.C. No. CR–01–00446–ALH.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2003.*

Decided Sept. 23, 2003.

Billy Williams, USPO–Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Paul Papak, FPDOR–Federal Public Defender's Office, Portland, OR, for Defendant–Appellant.

Before HALL, GRABER, and GOULD, Circuit Judges.

MEMORANDUM**

Christopher Lee Phillips pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). As a condition of his plea, Phillips reserved the right to appeal the district court's denial of his pre-trial suppression motion. After entry of judgment, Phillips timely appealed. We AFFIRM.

The sole issue presented in this appeal is whether Portland police officers Joe Santos and Pete McConnell had probable cause to arrest Phillips on September 20, 2001. The determination of probable cause is a mixed question of law and fact that we review *de novo*, with due weight given to inferences drawn by local law enforcement officers based on their training and experience. *Ornelas v. United States*, 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996).

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

"Probable cause exists when, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that the defendant had committed a crime." *United States v. Garza*, 980 F.2d 546, 550 (9th Cir.1992) (internal citations and quotation marks omitted). We find, as the district court did below, that the arresting officers had probable cause to believe that Phillips had committed not only the charged crime of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g), but also the crime of assault in the fourth degree, in violation of Oregon Revised Statute § 163.160.

Phillips's girlfriend, Aikeda Boyd, was the witness-victim of the alleged assault. Three days after the incident, Boyd gave a statement to the Portland Police Department alleging that Phillips had grabbed her around the neck, gripping her throat for several seconds so tightly that she could not breathe. According to Boyd, Phillips choked her several times in this manner before she was able to extricate herself and flee Phillips's residence. Three days after the incident, Boyd had bruises on both arms, but no visible bruising on her neck. During a subsequent telephone interview, however, Boyd indicated that she had been bruised, but the bruising was fading. It is not clear whether Boyd indeed had visible marks on her neck that had substantially faded three days after the incident or, rather, whether Boyd exaggerated the extent of her bruising during the telephone interview.

During the first interview, Boyd also revealed that Phillips was a convicted felon, that he normally carried a .22 caliber pistol in a leather pouch attached to his pants, and that he also regularly stored another firearm under the mattress of his bed. During two follow-up interviews, Boyd provided additional information about Phillips's possession of the firearms, including a detailed physical description of the .22 caliber pistol.

Title 18 U.S.C. § 922(g) criminalizes possession of a firearm by a convicted felon. The facts articulated by Boyd during her three interviews with the Portland Police Department, if true, supported the conclusion that Phillips had violated § 922(g). Oregon Revised Statute § 163.160(a)(1) reaches conduct in which the defendant "intentionally, knowingly, or recklessly causes physical injury" to another person. The legislature has defined "physical injury" as "impairment of physical condition." Or.Rev.Stat. § 161.015(7). Because choking a person to the point that they cannot breathe literally impairs that person's physical condition, the facts articulated by Boyd, if true, indicated that Phillips committed assault in the fourth degree. Thus, the only issue in this case is whether Boyd's statements were sufficiently reliable for the officers to conclude that there was a "fair probability" that Phillips had committed one or more of the criminal acts described by Boyd. *See Garza*, 980 F.2d at 550.

Because many crimes are not committed in the presence of a police officer, police departments must rely heavily on observations from victims, witnesses, and other informants to determine whether a crime has been committed and, if so, by whom. For this reason, we have held that a statement from a police informant can establish probable cause for an arrest when the totality of the circumstances indicate that the statement is reliable. *United States v. Elliott*, 893 F.2d 220, 223 (9th Cir.1990). Similarly, a statement from a witness or victim of a crime can, standing alone, establish probable cause if it furnishes reliable "facts sufficiently detailed to cause a reasonable person to believe a crime had been committed and the named suspect

was the perpetrator." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1444 (9th Cir.1991) (internal citation and quotation marks omitted).

The information provided by Boyd about Phillip's possession of the two weapons was sufficiently reliable and specific to establish probable cause. Boyd had dated Phillips for more than a year and had been an overnight guest in his residence on numerous occasions, and was therefore intimately acquainted with Phillips's habits and possessions. Boyd gave three separate, factually consistent statements containing intricate details about both the appearance of the .22 caliber pistol and the manner in which Phillips carried it. Boyd's tumultuous relationship with Phillips and the possibility that she exaggerated the extent of her bruising notwithstanding, the arresting officers were clearly justified in concluding that Boyd's detailed, consistent statements about Phillips's possession of firearms were reliable enough to establish a "fair probability" that Phillips had violated § 922(g).

The information provided by Boyd about the alleged assault was also sufficiently reliable and specific to establish probable cause for an arrest. Boyd gave a detailed description of the events leading up to the assault, the assault itself, and Phillips's threatening conduct during the days following the assault. Three days after the incident, Boyd had bruises on her arms that corroborated Boyd's claim that she and Phillips had been involved in a physical struggle. Although Boyd did not provide physical evidence that she was choked, the acts described in her statement would not necessarily have left marks visible three days later. According to the officer who took Boyd's first statement, Boyd seemed "very sincere." Boyd's demeanor was consistent during each of her three interviews with the Portland Police Department. Under these circumstances, Boyd's statements were sufficiently reliable to establish a "fair probability" that Phillips had committed the crime of assault in the fourth degree. The district court properly denied Phillips's motion to suppress.

AFFIRMED.