MEMORANDUM **
Aaron Sharpe appeals the district court’s denial of his 28 U.S.C. § 2255 motion for post-conviction relief. Sharpe argues that his trial counsel was constitutionally ineffective for failing to file a motion to suppress evidence that was uncovered by a warrantless search. The district court concluded that Sharpe’s counsel was not ineffective because such a motion would not have been granted. We review these legal conclusions de novo. See United States v. Alaimalo, 313 F.3d 1188, 1191 (9th Cir.2002). We affirm.
The facts of the case are known to the parties and we do not repeat them here.
To prevail, Sharpe “first must show that a motion to suppress based on warrantless entry would have been meritorious.” Ortiz-Sandoval v. Clarke, 323 F.3d 1165, 1170 (9th Cir.2003). We assume, without deciding, that the initial entry by the police into Sharpe’s trailer was unconstitutional, tainting the officers’ personal observations in the warrant affidavit. “In order to determine whether evidence obtained through a tainted warrant is admissible, [a] reviewing court should excise the tainted evidence and determine whether the remaining untainted evidence would provide a neutral magistrate with probable cause to issue a warrant.” United States v. Heckenkamp, 482 F.3d 1142, 1149 (9th Cir.2007) (alteration in original) (citation and quotation marks omitted).
The affidavit used to establish probable cause to search Sharpe’s trailer contains the following untainted facts: Artur Chojnaeki was the manager/owner of the property; the trailer’s lock had been changed without permission; Chojnaeki entered the property that day because of a water leak; he observed a marijuana “grow operation” through sight and smell; he called the police; and he recounted his observations to the officers in person after their arrival.
“An informant’s description of illegal activity is sufficient to establish probable cause if the totality of the circumstances indicate that the tip is reliable.” United States v. Elliott, 893 F.2d 220, 223 (9th Cir.1990). “[A]n informant’s ‘veracity,’ ‘reliability’ and ‘basis of knowledge’ are all highly relevant” in determining whether the tip is reliable. Illinois v. Gates, 462 U.S. 213, 230, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). We conclude that Chojnacki’s tip was reliable and the untainted evidence in the affidavit establishes probable cause. See United States v. Kovac, 795 F.2d 1509, *48 1512-13 (9th Cir.1986) (holding that a comparable affidavit establis4hed probable cause because it “established who [the informant] was, her ‘basis of knowledge’ for the given information, her interest in giving true information, and the information itself ... clearly supported finding probable cause”).
Sharpe’s counsel was not ineffective for failing to file a motion to suppress because it would not have been meritorious.[1]
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Sharpe also argues that the district court erred in refusing to credit "expert” testimony from a defense attorney. We need not reach this issue because it has no bearing on the disposition of the case.