**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10051 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00293-AWI-BAM-1 |
| v. | |
| JASWINDER SINGH, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Argued and Submitted January 5, 2016
San Francisco, California

Before: WALLACE, KOZINSKI, and O'SCANNLAIN, Circuit Judges.

Jaswinder Singh appeals from his jury conviction of one count of being an

alien in possession of a firearm under 18 U.S.C. § 922(g)(5)(A).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

I.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

"We review de novo the district court's denial of the motion to suppress, but review the underlying findings of fact for clear error." *United States v. Rodgers*, 656 F.3d 1023, 1026 (9th Cir. 2011).

At the motion to suppress hearing, the district judge determined that the federal agents did not have probable cause to conduct a custodial interrogation, but that during the time period leading up to Singh's formal arrest, Singh was free to leave, and thus no de facto arrest or Fourth Amendment violation occurred. Upon de novo review, based on the informant's detailed letters regarding Singh's false identity and the agents' corroboration that Singh had a gun in his control, the agents had probable cause to believe Singh was an alien in constructive possession of a firearm before he was interviewed. Any evidence obtained during the interview is therefore admissible.

"An informant's description of illegal activity is sufficient to establish probable cause if the totality of the circumstances indicate that the tip is reliable." *United States v. Elliott*, 893 F.2d 220, 223 (9th Cir. 1990). A detailed report displaying an adequate basis for the informant's knowledge and the revealed identity of the informant are indicia of veracity and reliability of information. *Id.*

The informant, Singh's ex-girlfriend, sent letters to Immigration and Customs Enforcement (ICE) identifying Singh as an illegal alien. The responding

ICE agent then called the informant before approaching Singh at the store. Thus, based on detailed information provided by a known informant, the officers had probable cause to believe that Singh was unlawfully in the United States.

The agents also had probable cause to believe that Singh had constructive possession of a firearm prior to the interview. Constructive possession of a firearm is established when a person knows of its presence and has the power and intention to control it. *United States v. Nungaray*, 697 F.3d 1114, 1117 (9th Cir. 2012). The informant wrote that Singh had a gun, and the agents corroborated that information upon entering the store. When asked if there was a gun, Singh responded affirmatively and reached below the counter. Singh knew of the gun's presence, was able to reach it from where he stood, and did so. At that point, the agents had reasonably trustworthy information to believe that Singh had the power and intention to control the gun.

Because the agents had probable cause to arrest Singh prior to the interview that took place in the back room, the district court's denial of the motion to suppress was proper. We need not decide whether the interview in fact constituted a de facto arrest or custodial interrogation. If the agents de facto arrested Singh, the agents had probable cause to do so.

II.

We review de novo a district court's denial of a motion for acquittal based on insufficiency of the evidence. *United States v. Mincoff*, 574 F.3d 1186, 1191-92 (9th Cir. 2009). Viewed in a light most favorable to the government, *id.*, the evidence permits a rational trier of fact to find the elements of possession of a firearm by an illegal alien.

The informant's letters were in evidence at trial in addition to her testimony regarding Singh's unlawful presence and the existence of a gun. The government introduced testimony about Singh's actions and statements in the store to prove constructive possession of a firearm. Further, the inculpatory statements Singh made during the back room interview are admissible because the agents had sufficient probable cause to make an arrest.

### III.

We review for abuse of discretion a district court's denial of a motion for a new trial. *United States v. King*, 660 F.3d 1071, 1076 (9th Cir. 2011). Singh contends that the evidence and the equities weighed heavily against the jury verdict on a constructive possession theory. For the same reasons the district court did not err in denying the motion for acquittal based on the government's evidence under de novo review, we hold the district court did not abuse its discretion in denying the motion for a new trial.

14-10051

**AFFIRMED.**