OPINION
M. SMITH, Circuit Judge:
An Orange Police Department (OPD) officer obtained a warrant to search Nicholas James Needham’s residence for evidence of a child molestation. The officer also obtained permission in the warrant to search Needham’s home for child pornography. Among other things, the warrant affidavit explained that in the requesting officer’s opinion, individuals who have a sexual interest in children often possess child pornography. A magistrate signed the warrant in reliance on the warrant affidavit, and, while conducting the search, the OPD found images and videos of child pornography on an iPod at Needham’s residence.
Needham moved to suppress the evidence of child pornography seized during the OPD’s search on the ground that the OPD lacked probable cause to suspect that Needham possessed child pornography. The district court denied Needham’s motion, concluding that the “good faith” exception to the exclusionary rule announced by the Supreme Court in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), applied because the officers’ reliance on the warrant was objectively reasonable.
Needham appeals the district court’s denial of his motion to suppress. We affirm the decision of the district court.
BACKGROUND
In June 2010, a mother reported to the OPD that her five-year-old son had been molested in the restroom at a local mall. Specifically, she indicated that after her son emerged from the bathroom, he told her that a man had touched him. He motioned toward his groin area, which his mother took to mean that the man had touched his penis. The mother walked back toward the restroom with her son, where she saw, sitting on a bench near the restrooms, a man whom she had seen exit the bathroom just prior to her son’s doing so. When the mother asked her son if the man sitting on the bench was the man who had touched him, he confirmed that it was. He later stated that the man had touched his exposed penis with his fingers “soft” and “quickly.”
*1192 The mother described the man to the OPD as being a light-skinned white male in his late twenties or early thirties who had been wearing beige pants and a collared, long-sleeved shirt that was white with blue stripes. She also stated that he had been holding a cup bearing the Jamba Juice logo when she saw him exit the restroom.
OPD Youth Services Bureau Detective Leslie Franco investigated the incident. Detective Franco contacted the manager of the Jamba Juice location at that mall, and reviewed the store’s surveillance footage. She observed a man who matched the mother’s description of the suspect, and ascertained from the store’s transaction records that he had given his name as “Nick” when he purchased his drink. She also obtained the last four digits of the American Express credit card he had used to purchase his beverage, as well as the transaction’s authorization number. The boy’s mother also viewed the surveillance footage, and she identified “Nick” as the man she had seen exiting the restroom, and whom her son later identified.
Detective Franco contacted American Express and ascertained, pursuant to a search warrant, that the American Express card “Nick” used at Jamba Juice belonged to Needham. She then discovered, among other things, that Needham resided in Orange, and that he was a registered sex offender in the State of California. Records also indicated that Need-ham had been arrested in May 2000, when he was 16 years old, for allegedly violating California Penal Code § 288(a), which prohibits lewd or lascivious acts with a child under the age of 14. He had ultimately been charged with violating California Penal Code § 288(a); California Penal Code § 288.5, which criminalizes continuous sexual abuse of a child under the age of 14; and California Penal Code § 311.2, which prohibits the possession of obscene matter.
Detective Franco sought a warrant to search Needham’s home, person, and automobile. Her sworn “Statement of Probable Cause” included all of the facts described above, including Needham’s criminal history and registration as a sex offender, though the warrant did not indicate for what offense Needham was ultimately convicted. The affidavit also included the following paragraph:
Based upon my training and experience, NEEDHAM’S previous criminal history, and my discussions with other law enforcement professionals, I believe that NEEDHAM has an unnatural sexual interest in children. I have learned the following characteristics are found to exist and be true in cases involving persons who molest children, buy, produce, sell, or trade child pornography and who are involved with child prostitutes. They receive sexual gratification and satisfaction from actual physical contact with minors, communications with minors and from fantasy involving the use of pictures, photographs or electronic media and writing on or about sexual activity with minors. These people collect sexually explicit material of children consisting of photographs, magazines, motion pictures, video tapes, DVD’s, electronic media, books and slides which they use for their own sexual gratification and fantasy. Such persons rarely, if ever, dispose , of their sexually explicit materials, especially when they have taken the photographs or made the video involved, as these materials are treated as prized possessions.
Detective Franco did not elaborate how she had learned the “characteristics” of those with a sexual interest in children, although she stated in the affidavit that she had been assigned to the Youth Ser *1193 vices Bureau in December 2009, and in that capacity specialized in the investigation of crimes against children. Detective Franco also stated in the affidavit that prior to that assignment, she had worked as a patrol officer, bike team officer, crime scene investigator, property crimes detective, and school resource officer, as well as in an undercover capacity in numerous narcotics and vice operations.
The warrant application included a list of items sought by the OPD. The warrant authorized a search for any clothing matching the description of what Need-ham was wearing at the mall the day that he was suspected of molesting the boy. It also authorized a search for the American Express card that “Nick” had used at Jamba Juice. But the substantial majority of the approximately three-and-a-half page description of items to be searched was devoted to describing an exhaustive search through all of Needham’s paper documents and electronic and digital storage devices for child pornography, or evidence of possession or distribution of child pornography. Other than Detective Franco’s opinions regarding the predilections of individuals who are sexually interested in children, the warrant did not provide any other reason to believe that Needham possessed child pornography in his home. Nor did the affidavit include any facts suggesting that Needham possessed or used a computer or any other electronic devices, whether for illicit purposes or otherwise.
A judge of the Orange County Superior Court signed the search warrant, and the OPD executed a search of Needham’s residence. Officers seized various computers and electronic devices, among which was an Apple iPod. The iPod was later discovered to contain images and videos of child pornography. Needham was arrested and indicted for possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). He moved to suppress the items taken pursuant to the OPD’s search of his apartment, including the iPod. Needham argued that the warrant was not supported by probable cause that he possessed child pornography, and that the lack of probable cause was so glaring that the Leon exception did not apply.
The district court denied Needham’s motion to suppress. Without commenting on whether the warrant was supported by probable cause, the court ruled that the OPD executed the search in good faith reliance on the warrant, and that the Leon exception to the exclusionary rale applied.
Reserving his right to appeal the district court’s denial of his suppression motion, Needham pled guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court imposed a sentence of 108 months’ imprisonment. Needham now appeals his conviction and again argues that the evidence of his possession of child pornography should be suppressed. We have jurisdiction pursuant to 28 U.S.C. § 1291.
STANDARD OF REVIEW
A district court’s denial of a motion to suppress evidence, including the application of the “good faith” exception to the exclusionary rale, is reviewed de novo. See United States v. Krupa, 658 F.3d 1174, 1177 (9th Cir.2011); United States v. Michaelian, 803 F.2d 1042, 1046 (9th Cir.1986).
DISCUSSION
Needham first contends that the warrant affidavit did not contain facts sufficient to find probable cause to search his residence for child pornography. In particular,- he argues that Detective Franco’s assertions that Needham “has an unnatural sexual interest in children” and that “[tjhese people collect sexually explicit ma *1194 terial of children” are inadequate to support probable cause that Needham possessed child pornography in his home. He also contends that the district court erred in applying Leon’s good faith exception to the exclusionary rule in this case.
“Probable cause exists when ‘there is a fair probability that contraband or evidence of a crime will be found in a particular place.’ ” United States v. Grubbs, 547 U.S. 90, 95, 126 S.Ct. 1494, 164 L.Ed.2d 195 (2006) (quoting Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). Even if a warrant is unsupported by probable cause, however, suppression of the evidence found in a search pursuant to that warrant is not justified if “the officers’ reliance on the magistrate’s determination of probable cause was objectively reasonable.... ” Leon, 468 U.S. at 926, 104 S.Ct. 3405. Suppression, therefore, “remains an appropriate remedy when a warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.” United States v. Grant, 682 F.3d 827, 836 (9th Cir.2012) (internal quotes and citation omitted).
While the Leon doctrine pertains to suppression hearings in criminal proceedings, “the same standard of objective reasonableness that [the United States Supreme Court] applied in the context of a suppression hearing in Leon defines the qualified immunity accorded an officer who obtained or relied on an allegedly invalid warrant.” Messerschmidt v. Millender, — U.S. -, 132 S.Ct. 1235, 1245 n. 1, 182 L.Ed.2d 47 (2012) (internal quotes and citations omitted). The Supreme Court has explained that “[o]nly where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable will the shield of immunity be lost.” Malley v. Briggs, 475 U.S. 335, 344-45, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986) (internal citation omitted). It therefore follows that if an officer is granted qualified immunity in a civil suit for relying on a warrant alleged to be lacking probable cause, then reliance on the existence of probable cause in that warrant must also have been objectively reasonable under the Leon doctrine.
The outcome of this aspect of Need-ham’s appeal is controlled by our grant of qualified immunity in a similar case decided after the search of Needham’s residence. In Dougherty v. City of Covina, 654 F.3d 892 (9th Cir.2011), we addressed the issue of whether an officer’s opinion that individuals who molest children are likely to possess child pornography creates probable cause to search a suspected child molester’s home for child pornography. Dougherty was a civil suit filed under 42 U.S.C. § 1983. Dougherty, an elementary school teacher, alleged that the police had searched his computer and electronic media without probable cause, in violation of the Fourth Amendment. Dougherty, 654 F.3d at 896-97. There, the requesting officer’s affidavit recounted allegations that the individual had inappropriately touched students at the elementary school where he taught. Id. at 896. With respect to the search for child pornography, the affidavit stated only that “based upon [the officer’s] training and experience ... subjects involved in this type of criminal behavior have in their possession child pornography. ...’” Id. We held that
a search warrant issued to search a suspect’s home computer and electronic equipment lacks probable cause when (1) no evidence of possession or attempt to possess child pornography was submitted to the issuing magistrate; (2) no evidence was submitted to the magistrate regarding computer or electronics use by the suspect; and (3) the only evidence linking the suspect’s attempted child molestation to possession of child pornography is the experience of the *1195 requesting police officer, with no further explanation.
Id. at 895. We also concluded, however, that “[t]he law in this circuit had not been clearly established regarding whether allegations of sexual misconduct or molestation at a place of work provide probable cause to search a residence for child pornography in the absence of an explanation tying together the two crimes.” Id. at 900. We therefore held that, although the warrant lacked probable cause, the searching officers were entitled to qualified immunity. Id.
Like the officers in Dougherty, the OPD officers in this case relied on a warrant predicated on the bare inference that those who molest children are likely to possess child pornography. Since the date we decided Dougherty, it is clear in this circuit that such an inference, alone, does not establish probable cause to search a suspected child molester’s home for child pornography. But because the standard for granting qualified immunity is the same as the standard of objective reasonableness under Leon, we cannot consistently grant qualified immunity to officers in Dougherty, who relied on the warrant in that case, and find that reliance on a similar type of warrant in this case (which was decided before Dougherty) was objectively unreasonable. We thus conclude that the search in this case was executed in objectively reasonable reliance on the search warrant.[1]
Needham also argues that after United States v. Weber, 923 F.2d 1338 (9th Cir. 1990), no officer could have reasonably believed that the warrant to search Need-ham’s apartment was supported by probable cause.[2] We already addressed this issue in Dougherty. There, we examined the facts of Weber, and concluded that “[i]f probable cause did not exist in Weber, it cannot exist here.” Dougherty, 654 F.3d at 898. Nevertheless, we concluded that at that point in time, the law was not settled concerning “the question of whether evidence of child molestation, alone, creates probable cause for a search warrant for child pornography.”[3] See id. at 899. *1196 Because we found sufficient ambiguity in our precedent, despite Weber, to confer a grant of qualified immunity in Dougherty in 2011, we are foreclosed from holding that Weber rendered good faith reliance on the warrant in this case impossible in 2010.
Needham’s remaining arguments are unavailing. The warrant was not an impermissible “general warrant” as Need-ham claims;[4] rather, the warrant specified what the officers sought (child pornography or evidence of its receipt and/or distribution), and where it was believed they would find it (in Needham’s paper documents or electronic media). Similarly, Needham claims that Detective Franco’s affidavit did not contain a required, explicit statement that she believed Needham possessed child pornography. But the Supreme Court has declared that “the courts should not invalidate [a] warrant by interpreting the affidavit in a hypertechnieal, rather than a commonsense, manner.” United States v. Ventresca, 380 U.S. 102, 109, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). Detective Franco’s affidavit claimed that Needham had an unnatural sexual interest in children, and that people with an unnatural interest in children often possess child pornography. While the conclusion of Detective Franco’s syllogism was not explicitly stated, a commonsense reading of the affidavit, and the fact that the warrant sought child pornography, indicate that Detective Franco suspected that Needham possessed child pornography.
AFFIRMED.

. We therefore need not discuss to what extent, if any, Needham’s previous criminal charges and registration as a sex offender would support probable cause under the warrant.

. Weber involved an affidavit stating that the officer "could expect certain things to be at [the] houses" of child molesters and other deviants who commit sex crimes. 923 F.2d at 1345. However, unlike the affidavit in this case, "there was not a whit of evidence in the affidavit indicating that Weber was a 'child molester.’ ” Id. Instead, Weber was suspected of having received an advertisement for child pornography two years prior to the search. Id. at 1340.

. At the time of the search of Needham’s home in July 2010, two circuits had held that evidence of child molestation does not by itself amount to probable cause that the suspect possesses child pornography. See United States v. Falso, 544 F.3d 110, 122 (2d Cir. 2008) ("Although offenses relating to child pornography and sexual abuse of minors both involve the exploitation of children, that does not compel, or even suggest, [a] correlation. ...”); United States v. Hodson, 543 F.3d 286, 293 (6th Cir.2008) ("[I]t was unreasonable for the officer executing the warrant in this case to believe that probable cause existed to search Hodson’s computers for child pornography based solely on a suspicion ... that Hodson had engaged in child molestation."). The Eighth Circuit, however, had concluded to the contrary. See United States v. Colbert, 605 F.3d 573, 578 (8th Cir.2010) ("[T]o the extent that Hodson and Falso suggest that evidence of a defendant’s tendency to sexually abuse or exploit children is irrelevant to the probable cause analysis, we respectfully disagree.”).
Since the OPD's search of Needham’s residence, two more circuits have rejected the inference in question. See Virgin Islands v. John, 654 F.3d 412, 419 (3d Cir.2011) (“[T]hose allegations [of sex crimes against minors] are not sufficient to establish — or even to hint at — probable cause as to the *1196 wholly separate crime of possessing child pornography.”); United States v. Doyle, 650 F.3d 460, 472 (4th Cir.2011) ("[EJvidence of child molestation alone does not support probable cause to search for child pornography.”).

. A general warrant is one that authorizes a "general, exploratory rummaging in a person’s belongings.” See Coolidge v. New Hampshire, 403 U.S. 443, 467, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).