FILED



**NOT FOR PUBLICATION**

JAN 08 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10573 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00124-FJM-1 |
| v. | |
| SHAUN ROBERT ESPINO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, Senior District Judge, Presiding

Submitted December 5, 2013[**]
San Francisco, California

Before: GOULD and PAEZ, Circuit Judges, and EZRA, District Judge.[***]

Defendant-Appellant Shaun Robert Espino ("Espino") appeals the district

court's denial of his motion to suppress drugs and drug paraphernalia found during

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David A. Ezra, District Judge for the U.S. District Court for the Western District of Texas, sitting by designation.

a search of his residence by agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). We affirm.

ATF agents sought a warrant to search Espino's residence for guns, drugs, and related paraphernalia as part of a federal firearms and narcotics trafficking investigation. The warrant application was supported by the affidavit of ATF Special Agent Jonathan Santarsiero ("Agent Santarsiero"), who learned during a custodial interview with an informant that Espino was a convicted felon who sold drugs. The informant described Espino and his cars, as well as his residence and its location, in specific detail. He also said he personally witnessed Espino fire a pistol through the roof of a shed on his property and sell drugs.

After Agent Santarsiero corroborated many of the informant's statements and descriptions, he requested a warrant to search Espino's residence for guns and drugs or evidence thereof. The warrant application described Espino's residence with particularity, referring to its cross-streets, size, and color, as well as specific details like its security gate, red brick and wrought iron fence, mailbox, lamppost, and address plaque. U.S. Magistrate Judge James Metcalf found that the application established probable cause and issued the warrant.

During the search, ATF agents discovered no guns that definitively belonged to Espino, but did find ten firearms apparently belonging to his mother, as well as

2

more than 1,100 rounds of ammunition.  They also discovered methamphetamine, marijuana, and various drug paraphernalia—including glass smoking pipes, storage containers, and a counterfeit bill detection pen—in a safe bolted to the floor of a closet in Espino's bedroom.

Espino filed a motion to suppress this evidence, arguing that the warrant did not allege sufficient facts to establish probable cause for the search because it neither gave a reason to believe that Espino was then in control or possession of any firearms, nor mentioned the type or quantity of drugs expected to be found. The district court denied Espino's motion without a hearing.  Espino thereafter pleaded guilty to one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii), but he reserved the right to appeal the denial of his suppression motion.

We review *de novo* a district court's denial of a motion to suppress.  *United States v. Needham*, 718 F.3d 1190, 1193 (9th Cir. 2013).  Nonetheless, we give "great deference to an issuing judge's finding that probable cause supports a warrant and review such findings for clear error."  *United States v. Underwood*, 725 F.3d 1076, 1081 (9th Cir 2013) (internal quotation marks omitted).  Our duty in such cases is "simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed."  *Illinois v. Gates*, 462 U.S. 213,

3

238-39 (1983) (alteration and ellipsis in original) (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)).

Where, as here, a warrant application is based largely on an informant's tips, the magistrate should consider "whether probable cause exists from the totality of the circumstances to determine a sufficient level of reliability and basis of knowledge for the tip[s]." *United States v. Bishop*, 264 F.3d 919, 924 (9th Cir. 2001). We look to many factors in assessing whether information provided by an informant is reliable; one factor is "independent police corroboration of the information provided by [the] informant." *Id.* at 925. Such corroboration can provide the sort of "substantial basis" required for a magistrate to determine that there is a "fair probability that contraband or evidence of a crime will be found" in the place to be searched. *Gates*, 462 U.S. at 238. When considering the basis of an informant's knowledge, we evaluate "how the informant came by his or her knowledge," and first-hand knowledge is more compelling than hearsay. *Bishop*, 264 F.3d at 925.

A warrant application must establish a "reasonable nexus between the crime or evidence and the location to be searched." *United States v. Crews*, 502 F.3d 1130, 1136-37 (9th Cir. 2007). But it "need only be reasonable to seek the evidence at the location indicated in the affidavit"; neither certainty, nor even near

certainty, is required. *Id.* at 1137. Moreover, "we do not evaluate probable cause in hindsight, based on what a search does or does not turn up." *Florida v. Harris*, 133 S. Ct. 1050, 1059 (2013). Rather, a search "is good or bad when it starts and does not change character from its success" or failure. *United States v. Di Re*, 332 U.S. 581, 595 (1948).

Espino argues that ATF agents lacked probable cause to believe that he possessed firearms at the time of the search. We disagree. The informant's assertion that he personally witnessed Espino fire a pistol through the roof of a shed behind his residence shows a clear nexus between the items to be seized, firearms, and the place to be searched, Espino's property. This first-hand observation gave the magistrate a "substantial basis for . . . conclud[ing] that probable cause existed" to search Espino's residence for guns. *Gates*, 462 U.S. at 238-39 (alteration and ellipsis in original) (internal quotation marks omitted); *see also United States v. Patayan Soriano*, 361 F.3d 494, 507 (9th Cir. 2003); *United States v. Elliott*, 893 F.2d 220, 223 (9th Cir. 1990).

Espino also argues that the warrant application did not establish probable cause to search for drugs. Once again, however, the informant's first-hand knowledge of Espino's drug dealing was enough to provide the magistrate with probable cause to issue the search warrant. *See Elliott*, 893 F.2d at 223. The nexus

5

standard is relaxed when it comes to drugs: "Direct evidence that contraband or evidence is at a particular location is not essential to establish probable cause to search the location. . . . In the case of drug dealers, evidence is likely to be found where the dealers live." *United States v. Angulo-Lopez*, 791 F.2d 1394, 1399 (9th Cir. 1986) (internal citations omitted). Finally, when a suspect engages in counter-surveillance, as here, we have consistently held that such behavior is "'indicative of narcotics distribution.'" *United States v. Chavez-Miranda*, 306 F.3d 973, 978 (9th Cir. 2002) (quoting *United States v. Ocampo*, 937 F.2d 485, 490 (9th Cir. 1991)).

**AFFIRMED.**