An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

AARON TAYLOR HUGHES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63728

**FILED**

JUL 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of incest. Fourth Judicial District Court, Elko County; Nancy L. Porter, Judge.

Appellant Aaron Taylor Hughes' sole contention on appeal is that the district court erred in denying his motion to suppress evidence seized from his home.[1] He asserts that the affidavit supporting the warrant was insufficient to establish probable cause to search his home for documents and DNA evidence and his computer for photographs, videos, email, and documents evidencing incest. He further asserts that the warrant was insufficient to provide serving officers with a good faith belief that there was probable cause to conduct the search.

Probable cause to support a search warrant exists where the facts and circumstances within an officer's knowledge warrant a reasonable belief that an offense has been or is being committed, *Brinegar v. United States*, 338 U.S. 160, 175-76 (1949), and "there is a fair

---

[1]Hughes reserved the right to a review of the district court's ruling. *See* NRS 174.035(3).

14-23853

probability that contraband or evidence of [the] crime will be found in a particular place," *Illinois v. Gates*, 462 U.S. 213, 238 (1983). When reviewing a magistrate's probable cause determination, "[t]he reviewing court is not to conduct a de novo probable cause determination but instead is merely to decide whether the evidence viewed as a whole provided a substantial basis for the magistrate's finding." *Keesee v. State*, 110 Nev. 997, 1002, 879 P.2d 63, 67 (1994). When reviewing a district court's ultimate decision regarding a motion to suppress, this court reviews findings of fact for clear error, but the legal consequences of those facts de novo. *State v. Beckman*, 129 Nev. ___, ___, 305 P.3d 912, 916 (2013).

We conclude that Hughes' argument lacks merit. The warrant and accompanying affidavit aver that a witness found a letter containing sexual and romantic language in Hughes' home. It appeared to be from Hughes' daughter to Hughes. The witness also provided several emails between Hughes and his daughter that contained language indicative of a romantic relationship. Similar language was found in emails between Hughes and his daughter on Hughes' computer at his former place of employment. These facts support the court's probable cause determination that further documents and emails proving this relationship might be found in Hughes' residence, *see United States v. Terry*, 522 F.3d 645, 648-49 (6th Cir. 2008) (it is reasonable to infer that a suspect used a computer in his home to send messages over the internet), as well as DNA evidence indicating a sexual relationship.

However, the affidavit in support of the warrant does not set forth sufficient facts to conclude that there is a fair probability that Hughes' home contained incriminating photographs or videos. *See Gates*, 462 U.S. at 238. The evidence demonstrated a reasonable probability that

Hughes may be engaged in a sexual relationship with his daughter, but contained no evidence any relationship had been memorialized in a visual depiction. The affiant's opinion that "perpetrators of this type of crime often take photographs of their physical encounters with their victims," in and of itself, was insufficient to establish probable cause to search for photographs or videos. *See Dougherty v. City of Covina*, 654 F.3d 892, 897-99 (9th Cir. 2011) (concluding that allegation of molestation and professional opinion of affiant is not sufficient to establish probable cause to search for child pornography). However, the precedent addressing whether an allegation of child molestation establishes probable cause to search for child pornography was ambiguous at the time the warrant was served in 2008. *United States v. Needham*, 718 F.3d 1190, 1195-96 (9th Cir. 2013). Therefore, we conclude that the officer's good faith reliance on the warrant was reasonable under the circumstances and does not support exclusion of the evidence. *See United States v. Leon*, 468 U.S. 897, 922 (1984) ("'[A] warrant issued by a magistrate normally suffices to establish' that a law enforcement officer has 'acted in good faith in conducting the search.'" (quoting *United States v. Ross*, 456 U.S. 798, 823 n.32 (1982))).

Having considered Hughes' contention and concluded that it lacks merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. Nancy L. Porter, District Judge
Law Office of Tammy M. Riggs, PLLC
Attorney General/Carson City
Elko County District Attorney
Elko County Clerk