**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>NUNZIO GUADAGNI,<br><br>Defendant - Appellant. | No. 13-50282<br><br>D.C. No. 3:12-cr-03186-MMA-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted July 10, 2014
Pasadena, California

Before: BENAVIDES,** WARDLAW, and CLIFTON, Circuit Judges.

Nunzio Guadagni appeals his conviction for receipt and possession of child

pornography.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

**1.** The district court did not err in denying the motion to suppress physical evidence. Because the affidavit in support of the warrant application was not so deficient that reliance on the magistrate judge's probable cause determination was unreasonable, the good faith exception to the exclusionary rule applies. *See United States v. Needham*, 718 F.3d 1190, 1194-95 (9th Cir. 2013). No existing precedent holds that the use of an unsecured wireless network vitiates the probable cause that would otherwise exist to search the home of an Internet subscriber whose IP address is used to access child pornography. *See United States v. Hay*, 231 F.3d 630, 634-35 (9th Cir. 2000); *accord United States v. Perez*, 484 F.3d 735, 740 (5th Cir. 2007). Moreover, the information in the affidavit was not obviously stale. *See United States v. Schesso*, 730 F.3d 1040, 1047 (9th Cir. 2013). Accordingly, the affidavit makes "at least a colorable argument" for probable cause. *United States v. Luong*, 470 F.3d 898, 903 (9th Cir. 2006). Exercising our "informed discretion," we decline to decide whether probable cause actually existed. *United States v. Leon*, 468 U.S. 897, 925 (1984).

Nor did the district court clearly err in finding that law enforcement's decision to obtain a search warrant was independent of its prior ruse entry into Guadagni's home. *See Murray v. United States*, 487 U.S. 533, 543 (1988). The only information obtained solely from the ruse entry – that Guadagni had a shared,

2

unsecured wireless network – was more exculpatory than inculpatory. Excising it from the affidavit would not have affected the probable cause determination. *See United States v. Heckenkamp*, 482 F.3d 1142, 1149 (9th Cir. 2007).

**2.** The district court did not err in denying a *Franks* hearing. Guadagni did not make a substantial preliminary showing that the affidavit contained an intentionally or recklessly false statement or omission necessary to the finding of probable cause. *See United States v. Meek*, 366 F.3d 705, 716 (9th Cir. 2004). The affidavit's reference to a range of dates was not misleading, as it did not suggest that Guadagni visited the website throughout that period. Any potentially misleading statement concerning the quantity of images obtained from the child pornography website was not material to the probable cause determination. *See id.* at 717.

**3.** The district court did not err in denying the motion to suppress Guadagni's incriminating statements. Though Guadagni was physically restrained when law enforcement took his keys and parked his car into his driveway, and was isolated from others in his house, he had voluntarily returned to his home at the officers' request to answer questions and was interrogated in a cordial manner in a physically open setting. *See United States v. Craighead*, 539 F.3d 1073, 1084-89 (9th Cir. 2008); *see also United States v. Kim*, 292 F.3d 969, 974 (9th Cir. 2002)

3

(considering whether the suspect "willingly agree[d] to submit to an encounter with the police").  In context, the interrogating agent's clear and repeated warnings that Guadagni was free to leave "greatly reduce[d]" the chance that he would reasonably believe he was in custody.  *Craighead*, 539 F.3d at 1087.  Analyzing the totality of the circumstances, we conclude that a reasonable person would have felt free to terminate the interrogation and that *Miranda* warnings were not required.

**AFFIRMED.**