**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50078 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00531-CAS-1 |
| v. | |
| JOSE LUIS MEDEL, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted December 10, 2014**
Pasadena, California

Before: SILVERMAN, BEA, and CHRISTEN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

Medel appeals from his convictions for possession of methamphetamine with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

1.     Medel argues the warrant authorizing the police to search his residence was not supported by probable cause because the burglary occurred in January and the warrant was not obtained until April.

"Probable cause exists when there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Needham*, 718 F.3d 1190, 1194 (9th Cir. 2013) (quoting *United States v. Grubbs*, 547 U.S. 90, 95 (2006)) (internal quotation marks omitted). Whether evidence has become stale, and thus no longer establishes a "fair probability" that the contraband or evidence remains present at a particular place, "must be evaluated in light of the particular facts of the case and the nature of the criminal activity and property sought." *United States v. Crews*, 502 F.3d 1130, 1140 (9th Cir. 2007) (quoting *United States v. Greany*, 929 F.2d 523, 525 (9th Cir. 1991)). "The information offered in support of the application for a search warrant is not stale if there is sufficient basis to believe, based on a continuing pattern or other good reasons, that

---

[1]     The parties are familiar with the facts so we will not recount them here.

2

the items to be seized are still on the premises." *United States v. Lacy*, 119 F.3d 742, 745–46 (9th Cir. 1997).

In this case, the magistrate judge had a sufficient basis to believe the stolen items were still at the residence. The total delay between when the police last verified the Wii was being used and the date they applied for the search warrant was approximately two months. A Wii is not a perishable or consumable good, and although it is small and easily sold, the fact that the Wii was being used supports an inference that whoever had the Wii was interested in using it rather than selling or trading it.

2. Medel also argues the search should have stopped as soon as the Wii was recovered and that by continuing to search, the officers exceeded the warrant's permissible scope. But the police had a warrant authorizing them to search for four stolen items, two of which they never located. Medel argues the search must have been a pretext to look for drugs because ten members of the Ventura Police Department participated in executing the search warrant. But a police officer testified that they were there to look for the stolen electronics, not drugs. And even if the police suspected the house was a drug house, it would not diminish the probable cause to believe the stolen electronics were present. Evidence found during a lawful search is admissible even if it was not what police were searching

3

for, and even if the police suspected they might find the evidence. *See United States v. Ewain*, 88 F.3d 689, 693 (9th Cir. 1996) ("Because the officers looked only where they could properly look under the terms of a particularized and proper search warrant, the householder's privacy was no more impaired than it would have been had they expected to find only the things specified in the warrant."). Here, police searched in places they could reasonably expect to find the stolen electronics. Medel does not make a plausible argument that the police exceeded the scope of the warrant.

3.      Medel argues the evidence was insufficient to support his conviction for possession of a firearm in furtherance of a drug trafficking crime. A conviction for possession of a firearm in furtherance of drug trafficking requires that "the facts 'reveal a nexus between the guns discovered and the underlying offense.' " *United States v. Norwood*, 603 F.3d 1063, 1071–72 (9th Cir. 2010) (quoting *United States v. Krouse*, 370 F.3d 965, 968 (2004)).

The facts of this case are almost indistinguishable from *Norwood*, where another defendant was arrested on a bed, in a room with guns and drugs within his reach. *Id.* at 1066-67. We affirmed this evidence as sufficient to establish a nexus for purposes of showing the firearm was used in furtherance of drug trafficking. *Id.* at 1072. We reach the same conclusion here.

4

**AFFIRMED.**