**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 16 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    14-30138 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00652-KI-1 |
| v. | |
| ROBERT PAUL PATTON, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Argued and Submitted May 5, 2016
Portland, Oregon

Before: TALLMAN and HURWITZ, Circuit Judges and BATTAGLIA,** District
Judge.

Robert Patton entered a conditional guilty plea to one count of possession of

child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2).  He appeals

---

\*      This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Anthony J. Battaglia, District Judge for the U.S. District Court
for the Southern District of California, sitting by designation.

the district court's denial of his motion to suppress images obtained from a search of his electronic devices. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

A warrant authorized the search for child pornography. Although Patton concedes that the affidavit in support of the search warrant established probable cause to search for evidence of sexual abuse, he argues it was insufficient to establish probable cause to search for child pornography.

In *Dougherty v. City of Covina*, we held that an affidavit alleging molestation of children coupled with the assertion that those who molest children are likely to possess child pornography is insufficient to establish probable cause to search for child pornography. 654 F.3d 892, 897-99 (9th Cir. 2011). But, we have expressly left open the question whether an affidavit similar to the one here—which includes allegations of child molestation and references to the suspect's prior charges for sex crimes against a minor and possession of sexual material involving a child—would provide probable cause to search for child pornography. *United States v. Needham*, 718 F.3d 1190, 1192, 1195 & n.1 (9th Cir. 2013). The officers thus acted "'in objectively reasonable reliance' on the warrant." *United States v. Underwood*, 725 F.3d 1076, 1085 (9th Cir. 2013) (quoting *United States v. Leon*, 468 U.S. 897, 922 (1984)).

**AFFIRMED.**

2