NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 6 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10303 |
| *Plaintiff-Appellee,* | D.C. No. 3:19-cr-00012-MMD-WGC-1 |
| v. | |
| EDWARD WRIGHT, | MEMORANDUM* |
| *Defendant-Appellant.* | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted November 15, 2021
San Francisco, California

Before: PAEZ and FRIEDLAND, Circuit Judges, and KORMAN,** District Judge.

On January 28, 2019, Timothy Bennett ("Bennett") told Detective Laura

Thomsen ("Thomsen") that he had found about twenty images of child pornography

on Edward Wright's ("Wright") tablet depicting children ranging from about four to

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

ten years old. Bennett said he had seen these when Wright loaned him the tablet and described some of the images as displaying girls' private areas in sexually graphic ways.

Bennett explained to Thomsen how he knew Wright. Specifically, Bennett lived in a studio apartment in subsidized housing and had permitted Wright (who was homeless) to move in a few months earlier. Bennett also told Thomsen that he and Wright did not get along as roommates and described an incident where Bennett attempted to choke Wright. Bennett additionally stated that he wanted to kick Wright out of his apartment by February 1, 2019 because Wright did not have money to pay rent. Bennett also mentioned that he (Bennett) had a prior felony conviction from 2007.

The next morning, Thomsen arrested Wright for failure to update his sex offender registration and seized his electronic devices, including his phone, watch, and tablet. Thomsen then obtained a search warrant to examine Wright's tablet, the contents of which Bennett had described, as well as his other electronic devices. The warrant application explained that Wright had previously been convicted of possessing child pornography, that he had a history of failing to update his registration as a sex offender, that he was under investigation as a suspect for the sexual abuse of a four-year-old girl, and that he had failed to show up for a polygraph related to those allegations. Thomsen's warrant application also relayed much of the

2

information that she had received from Bennett. Nevertheless, it omitted information, including that: (1) Bennett and Wright got into a physical altercation, (2) Bennett allowed Wright to stay with him in his apartment in violation of the rules for Bennett's subsidized housing, (3) Bennett wanted Wright out of his apartment and arrested, (4) Bennett had passwords to Wright's electronic devices and had accessed them without Wright's permission at least once, and (5) Bennett had a 2007 felony conviction for obtaining money by false pretenses and grand larceny.

The search of Wright's tablet revealed approximately 250 to 300 images of child pornography, including images involving sexual violence. After Wright was indicted for receiving and possessing child pornography in violation of 18 U.S.C. § 2256(8), he moved to suppress this evidence, arguing that Thomsen had deliberately omitted information from the warrant application that cast doubt on Bennett's credibility. While the district judge was critical of Thomsen for failing to disclose Bennett's potential motives for reporting Wright's crimes, she nevertheless concluded that the issuing judge "still could have found Bennett sufficiently credible even with the [omissions] added back in." The district court then explained that the application included enough other information to establish probable cause even in light of Bennett's diminished credibility. First, the warrant application disclosed that Wright had previously pled guilty to possessing child pornography, which "made it somewhat more likely that his electronic devices contained child pornography."

3

Second, the application stated that Thomsen had been investigating and had arrested Wright for failure to update his sex offender registration. Third, the warrant application explained that Wright was the suspect in the sexual assault of a four-year-old child and had failed to appear for a polygraph associated with the investigation. The district judge explained that these facts made it easier to draw the inference that Wright's devices contained child pornography, that he was on the run from law enforcement, and that he had something to hide. The court held that these three sets of facts, together with Bennett's report, supported a finding of probable cause.

Wright entered a conditional guilty plea to one count of possessing child pornography in violation of 18 U.S.C. § 2256(8) that preserved his right to appeal the denial of his suppression motion. In this appeal, which followed the entry of a final judgment of conviction, Wright argues that the evidence obtained from the search of his tablet should have been suppressed. We review de novo a district court's denial of a motion to suppress. *United States v. Zapien*, 861 F.3d 971, 974 (9th Cir. 2017). Because it is not disputed that Thomsen omitted information related to Bennett from the search warrant affidavit, "[t]he key inquiry is whether probable cause remains once the evidence presented to the magistrate judge is supplemented with the challenged omissions." *United States v. Perkins*, 850 F.3d 1109, 1119 (9th Cir. 2017) (internal quotations marks and citation omitted). It does.

4

The omissions in Thomsen's affidavit undermined Bennett's credibility as an informant, but they did not render his statements entirely untrustworthy. *See United States v. Meling*, 47 F.3d 1546, 1555 (9th Cir. 1995) ("[T]he fact that an informant has an ulterior or impure motive in coming forward to provide information to the police does not preclude a finding that the informant is nevertheless credible."). Indeed, aside from the specific information he provided, Bennett disclosed the facts that suggested he had a motive to report Wright. These disclosures are not of the kind that would be made by a person providing false information. They enhance rather than undermine Bennett's credibility. So too does the fact that Bennett subjected himself to possible criminal prosecution for making false or misleading statements to a public officer. *See* Nev. Rev. Stat. § 197.190; *see also Adams v. Williams*, 407 U.S. 143, 146–47 (1972) (recognizing the significance of exposure to criminal prosecution for false statements as a factor in evaluating an informant's credibility).

The allegations in the affidavit, even without the information Bennett provided, demonstrated that Wright had acted in a manner consistent with "an abnormal sexual attraction to children." *Pedophilia*, Stedman's Medical Dictionary for the Health Professions and Nursing (7th ed. 2012). He had a previous conviction for possessing child pornography, was under investigation for failing to update his sex offender registration, was suspected of sexually assaulting a four-year-old child,

5

and failed to appear for a polygraph related to that allegation. Although such a history does not, by itself, "establish probable cause to search a suspected child molester's home for child pornography," *United States v. Needham*, 718 F.3d 1190, 1195 (9th Cir. 2013), it may support an inference that the suspect possesses additional child pornography, *see Perkins*, 850 F.3d at 1119–20. *See also Jones v. United States*, 362 U.S. 257, 271 (1960) (noting that evidence that the defendant "was a known user of narcotics made the [narcotics] charge against him much less subject to scepticism than would be such a charge against one without such a history"), *overruled on other grounds by United States v. Salvucci*, 448 U.S. 83 (1980).

Against this backdrop, the information that Bennett provided appears plausible and credible. All of these facts, together, were sufficient to establish probable cause. In sum, Wright's motion to suppress was properly denied.[1]

---

[1] Contrary to Wright's argument, the officers' biometric scan of his face to unlock his *phone*—which contained no child pornography—does not amount to "flagrant disregard" of his Fifth Amendment rights such that it could justify suppressing the evidence lawfully obtained from his *tablet*. *United States v. Chen*, 979 F.2d 714, 717 (9th Cir. 1992). Nor did the prosecution's delay in providing discovery material "result[] in prejudice to substantial rights" such that Wright would be entitled to suppression to remedy any violation. *United States v. Amlani*, 111 F.3d 705, 712 (9th Cir. 1997) (internal quotation marks and citation omitted).

Finally, Wright challenges four conditions of his supervised release. Because Wright signed a valid appeal waiver, he may argue on appeal only that those conditions "exceed[] the permissible statutory penalty [for the crime] or violate[] the Constitution." *United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009). Yet our precedents establish the legality of all the challenged conditions. *See United States v. Gibson*, 998 F.3d 415, 422–23 (9th Cir. 2021) (risk notification), *petition for cert. docketed*, No. 21-6465 (Dec. 1, 2021); *United States v. Ochoa*, 932 F.3d 866, 869–71 (9th Cir. 2019) (prohibiting access to material depicting sexually explicit conduct involving adults to defendant convicted of child pornography offense); *United States v. Quinzon*, 643 F.3d 1266, 1271–75 (9th Cir. 2011) (computer monitoring for defendant convicted of child pornography offense); *United States v. Stoterau*, 524 F.3d 988, 1003–04 (9th Cir. 2008) (polygraph testing).

**AFFIRMED.**