**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RONALD STEVEN BISHOP,

          Petitioner-Appellant,

v.

NEIL MCDOWELL, Warden, Ironwood
State Prison,

          Respondent-Appellee.

No.   22-55324

D.C. No.
5:21-cv-00266-JGB-MAR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted March 6, 2023[**]
Pasadena, California

Before: KLEINFELD, WATFORD, and COLLINS, Circuit Judges.
Concurrence by Judge COLLINS.

Ronald Bishop appeals the district court's denial of his petition for a writ of

habeas corpus. Bishop claims that his original attorney, who represented him at

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

trial and on Bishop's first appeal, was constitutionally ineffective under *Strickland v. Washington*, 446 U.S. 668 (1984). Because both his claims are for ineffective assistance and are presented in the context of a habeas petition, we review under the "doubly" deferential standard of considering the Antiterrorism and Effective Death Penalty Act (AEDPA) and *Strickland* in tandem. *Rowland v. Chappell*, 876 F.3d 1174, 1183 (9th Cir. 2017). "Thus, under AEDPA, '[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.'" *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)). We apply this standard to "the state court's last reasoned decision on the claim," *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc) (internal quotation marks and citation omitted), which in this case is the state appellate court's opinion denying Bishop's state habeas petition.

We first consider Bishop's arguments for why his counsel was ineffective at trial. Bishop contends that his trial counsel failed to make two arguments in support of his motions to suppress a search warrant that led to the police discovering evidence key to Bishop's conviction. First, Bishop asserts that his trial counsel should have argued the following: an officer's bare opinion that someone who molests children is likely to possess child pornography is insufficient to establish probable cause to search a suspect's computer for child pornography.

2

Bishop is correct in noting that we have endorsed such a proposition in the context of search warrants in which the sole basis for searching the subject's devices was that there was probable cause that they would contain child pornography. *See United States v. Needham*, 718 F.3d 1190, 1194–95 (9th Cir. 2013); *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). But the California Court of Appeal reasonably concluded that these decisions were not controlling in the context of a search warrant in which there was probable cause to search the suspect's devices based on "the suspect's relationship to the crime under investigation"—here, child annoyance. The attesting officer amply detailed how Bishop's electronic communications with John Doe 1 indicated there might be evidence of child annoyance on Bishop's electronic devices to justify the warrant. *Cf. Needham*, 718 F.3d at 1193 (noting that the warrant affidavit in that case failed even to include "any facts suggesting that Needham possessed or used a computer or any other electronic devices, whether for illicit purposes or otherwise"); *Dougherty*, 654 F.3d at 899 (noting, *inter alia*, that "[t]here is no evidence of conversations with students about sex acts" and that "the affidavit does not even verify that Dougherty owned a computer or the other targets of the search or had internet service or another means of receiving child pornography at his home"). Accordingly, raising *Needham* and *Dougherty* in challenging the search warrant

here would not have undermined the Court of Appeal's conclusions, on direct appeal, that the warrant affidavit sufficiently established that there was probable cause to "believe evidence of the crime of child annoyance or contacting a minor with a sexual intent would be obtained on [Bishop's] electronic devices" and that "[t]his alone would be sufficient for the search and the discovery of child pornography would have been incidental to the other search." As a result, the state habeas court did not reach an objectively unreasonable conclusion in holding that trial counsel was not deficient in failing to raise *Needham* and *Dougherty* in challenging the search warrant.

Bishop also contends that his trial counsel should have argued that, under *Riley v. California*, 573 U.S. 373 (2014), a general suspicion that evidence of criminal activity will be found in a suspect's home does not justify searching the suspect's electronic devices. But, as the California Court of Appeal accurately explained, the warrant affidavit detailed how "communications between Bishop and the minor victim suggested . . . . that the communications with the victim were occurring over Bishop's cell phone and the internet, presumably through his computer." The state court was not objectively unreasonable in holding that Bishop's trial lawyer's decision to not make this argument was not ineffective assistance. Nor, contrary to Bishop's argument, do we think his arguments would

4

have been successful if made in tandem.

Bishop also argues that his trial counsel's representation of him on appeal was ineffective assistance. Unlike the prior issue, this argument is not certified for an appeal, so we treat his briefing on the issues as a request to expand the scope of the certification. Ninth Circuit Rule 22-1(e); *Robertson v. Pichon*, 849 F.3d 1173, 1187 (9th Cir. 2017). Here, the only prejudice Bishop claims resulted from his counsel's conflicts of interest on appeal was his failure to argue the same points we considered above. Because those claims were without merit, Bishop has not met the threshold standard of making a substantial showing of the denial of a constitutional right required for us to consider the uncertified argument. *Robertson*, 849 F.3d at 1187 (standard of review).

**AFFIRMED.**

COLLINS, Circuit Judge, concurring:

I concur in the memorandum disposition. I write separately only to note that I agree with Judge Tallman's view that, to the extent that *Dougherty v. City of Covina*, 654 F.3d 892 (9th Cir. 2011), "declar[ed] categorically that there is no nexus between child molestation and collection of child pornography," it was

5

wrongly decided. *United States v. Needham*, 718 F.3d 1190, 1202 (9th Cir. 2013) (Tallman, J., concurring). It seems eminently reasonable to conclude that, if a suspect has a demonstrated sexual interest in young children, has recently affirmatively acted on that interest, and has electronic devices, there is a "fair probability" that those devices will contain child pornography. *Illinois v. Gates*, 462 U.S. 213, 238 (1983) (holding that probable cause only requires a "fair probability"). As Judge Tallman explained, we "should not so easily dispatch" the "common-sense conclusion[]" that would link "lewd and lascivious conduct involving young children with possession of pornographic images of the objects of a predator's sexual desires." *Needham*, 718 F.3d at 1203 (Tallman, J., concurring); *see also Dougherty*, 654 F.3d at 901 (Brewster, D.J., concurring in the judgment) (concluding that "it is a common sense leap that an adult male, who teaches sixth graders, engaged in this type of inappropriate conduct would likely possess child pornography"). In an appropriate case, "[w]e need to revisit this issue and consign hypertechnical decisions like *Dougherty*"—and *Needham*—"to the dust bin of erroneous blanket legal pronouncements devoid of reality." *Needham*, 718 F.3d at 1203 (Tallman, J., concurring).